

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ANGELA L. SCOTT (Cal. Bar No. 240418)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-6683
     Facsimile:  (213) 894-0142
     E-mail:     angela.l.scott@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>ISMAEL GUTIERREZ VILAVAZO,<br><br>          Defendant. | No. CR 14-0660M<br><br>GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING ARREST WARRANT, COMPLAINT, SUPPORTING AFFIDAVIT AND DETENTION REQUEST; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANGELA L. SCOTT<br><br>[UNDER SEAL] |

The government hereby applies ex parte for an order directing that the complaint and supporting affidavit, arrest warrant, and detention request in the above-titled case, together with this ex parte application, the memorandum of points and authorities, the declaration of Angela Scott, and this court's sealing order, be kept under seal until the arrest of defendant or his initial appearance on the aforementioned complaint, whichever occurs first.

//

//

This ex parte application is based on the attached memorandum of points and authorities, and declaration of Angela Scott.

Dated: March 31, 2014

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

/s/ Angela L. Scott

ANGELA L. SCOTT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this court seal the arrest warrant, complaint and supporting affidavit, and the detention request in this case in order to maintain the integrity of this investigation. Approval from this court to seal the arrest warrant, complaint and supporting affidavit is required under Local Rule 79-5.1. The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41(g). In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996). In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there has been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517. Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation. The government accordingly requests that the documents described in the attached declaration be maintained under seal until the arrest of defendant on this complaint or his initial appearance on the complaint, whichever occurs first.

## DECLARATION OF ANGELA L. SCOTT

I, Angela L. Scott, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the prosecution of <u>United States v. Ismael Gutierrez Vilavazo</u>, in which the government has submitted a complaint and supporting affidavit, an arrest warrant and a detention request.

2. Defendant Ismael Gutierrez Vilavazo ("Vilavazo") is charged in the above-captioned complaint and has not been taken into custody on the charge contained in the complaint affidavit and has not been informed that he is being named as a defendant in the complaint.

3. Defendant is currently in federal custody in Tennessee on an immigration charge; however, the government's investigation pertaining to the complaint at issue is ongoing. For instance, the government is still investigating defendant's co-conspirator, who is referenced as John Doe throughout the complaint. The government's continued investigation might be jeopardized if the affidavit in this case were made publicly available before defendant is taken into custody on the complaint.

4. Additionally, a confidential source is referenced throughout the complaint. Although the confidential source's name is not used, it is likely that the identity of the confidential source would be apparent to the targets and others from the context of the complaint. Thus, the source may be in danger if the complaint were revealed before law enforcement was

5

able to notify the source and otherwise make arrangements for the source's safety.

5. Accordingly, the government requests that the complaint and supporting affidavit, arrest warrant, and detention request in the above-titled case, together with this ex parte application, the memorandum of points and authorities, the declaration of Angela Scott, and this court's sealing order, be kept under seal until the arrest of defendant or his initial appearance on the aforementioned complaint, whichever occurs first.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: 3/31/14

_____
ANGELA L. SCOTT