STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ANGELA L. SCOTT (Cal. Bar No. 240418)
J. MARK CHILDS (Cal. Bar No. 162684)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-8845
     E-mail:    angela.l.scott@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-209-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF MOTION AND MOTION IN LIMINE RE: ADMISSION OF NARCOTICS TRAFFICKING EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| ISMAEL GUTIERREZ VILAVAZO,  aka "Ismael Gutierrez,"  aka "Mike Gutierrez,"  aka "Mikey," and JORGE BERISTAIN HUERTA,  aka "Moreno," | Hearing Date: August 27, 2014  Hearing Time: 1:30 p.m.  Location:    Courtroom of the              Hon. Dolly M. Gee |
| Defendants. | |

   TO: DEFENDANT ISMAEL GUTIERREZ VILAVAZO, THROUGH HIS DEFENSE COUNSEL, ANGEL NAVARRO, AND DEFENDANT JORGE BERISTAIN HUERTA, THROUGH HIS DEFENSE COUNSEL, DEPUTY FEDERAL PUBLIC DEFENDER JOHN LITTRELL:

   PLEASE TAKE NOTICE that on August 27, 2014 at 1:30 p.m., in the courtroom of the Honorable Dolly M. Gee, United States District Judge, the government will bring on for hearing the following motion in limine:

1    Plaintiff United States of America, by and through its counsel
2 of record, the United States Attorney for the Central District of
3 California, hereby moves in limine to permit the use of evidence
4 admissible pursuant to Federal Rules of Evidence 402, 403, and 404(b)
5 in the government's case-in-chief.
6    This motion in limine is based on the attached Memorandum of
7 Points and Authorities, all files and records of this case, and any
8 additional argument and evidence presented at any hearing on this
9 motion.

10 Dated: August 12, 2014           Respectfully submitted,

11                                  STEPHANIE YONEKURA
                                    Acting United States Attorney
12
                                    ROBERT E. DUGDALE
13                                  Assistant United States Attorney
                                    Chief, Criminal Division
14

15                                        /s/
                                    ANGELA L. SCOTT
16                                  Assistant United States Attorney

17                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND SUMMARY OF FACTS**

Defendant Ismael Vilavazo ("defendant") is charged in an 11-count indictment with various narcotics offenses regarding his involvement in the distribution of 48.6 grams of methamphetamine (actual) on September 26, 2013, to a confidential source (the "CS") who was acting on behalf of the government.  Specifically, defendant conspired with his co-defendant in this case, Jorge Beristain Huerta, to distribute these drugs to the CS.

The CS who conducted the drug transaction will testify that he had the following interactions with defendant Vilavazo in the past:

- The CS has been present on multiple occasions where defendant Vilavazo has discussed his narcotics trafficking activities. The first of these occurred approximately four or five months after the CS met defendant Vilavazo.  The CS was present when defendant Vilavazo and Nestor Hernandez were arguing about the loss of two pounds of methamphetamine.  Defendant Vilavazo was demanding payment from Nestor Hernandez.

- The CS was also present when defendant Vilavazo and Nestor Hernandez were arguing about the theft of drugs from a white Toyota Camry parked outside of one of Nestor Hernandez's residences.  The drugs were removed from a broken window.

- The CS went on a deer hunting trip with defendant Vilavazo and Nestor Hernandez in mountains nearby Lancaster, California. During that trip, defendant Vilavazo indicated that he wanted to get back to Los Angeles because a customer was calling him. Defendant Vilavazo also told Nestor Hernandez that they had to

- go and bring a package, to which Hernandez responded that they would do everything when they got back.
- While at the CS's place of employment, Hector Aguilar Sadeth asked for half an ounce (methamphetamine) and defendant Vilavazo told Hernandez that if Hernandez had it, then give it to Sadeth.
- On the day after Hernandez's murder, defendant Vilavazo asked the CS about some narcotics that defendant Vilavazo said he had at Hernandez's house.

By this in limine motion, the government seeks an order admitting, through witness testimony, evidence of defendant Vilavazo's drug-related statements to and before of the CS as inextricably intertwined with the charged offense.  If the Court does not find the conduct inextricably intertwined, then the government would alternatively seek an order admitting this testimony, pursuant to Federal Rule of Evidence 404(b), in order to establish defendant Vilavazo's knowledge and intent to distribute the narcotics charged in the indictment, as well as absence of mistake, motive, opportunity, and modus operandi.

**II.   ARGUMENT**

    **A.   The CS's Testimony is Admissible as Inextricably Intertwined With The Charged Offenses**

In this case, the government has the burden of proving that: There was an agreement between two or more persons to distribute a controlled substance (such as methamphetamine or some other prohibited drug); and (2) Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose. See Ninth Circuit Model Criminal Jury Instruction No. 9.19 (2010 ed.) (modified).  Regarding Count Two, defendant Vilavazo is alleged to

have aided and abetted the distribution of the methamphetamine in this case.  Thus, the government has the burden of proving: (1) Distribution of methamphetamine was committed by someone; (2) Defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of distribution of methamphetamine; and (3) Defendant acted before the crime was completed.  It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person distribute methamphetamine.  See Ninth Circuit Model Crim. Jury Instr. No. 5.1 (2010 ed.) (modified).

Acts or transactions not charged in the indictment are admissible as substantive evidence and not subject to analysis under Rule 404(b) if such evidence is "inextricably intertwined" with evidence of the charged offense.  United States v. Soliman, 813 F.2d 277, 279 (9th Cir. 1987).  Evidence is "inextricably intertwined" with a charged offense and, therefore, admissible, where (1) the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge," or (2) "it [is] necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."  United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004) (quoting United States v. Vizcarra Martinez, 66 F.3d 1006, 1012 (9th Cir.1995)); see also United States v. Ramirez Jiminez, 967 F.2d 1321, 1327 (9th Cir. 1992) (explaining inextricably intertwined evidence as "direct evidence" "used to flesh out the circumstances surrounding the crime with which

the defendant has been charged, thereby allowing the jury to make sense of the testimony in its proper context"); United States v. Daly, 974 F.2d 1215, 1216 (9th Cir. 1992) (finding evidence of a shoot-out inextricably intertwined with evidence of the felon in possession charge: "[the jury] cannot be expected to make its decision in a void - without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." (internal quotations omitted)); United States v. Williams, 989 F.2d 1061, 1070 (9th Cir. 1993) (finding the policies underlying rule 404(b) "inapplicable" to contemporaneous sales of narcotics by the defendant that were inextricably intertwined with the crime with which the defendant was charged, namely, the sale of cocaine).

Here, there is a sufficient contextual and substantive connection between the indicted crimes and the CS's testimony regarding defendant Vilavazo's drug trafficking admissions. This testimony explains the relationship between the CS and defendant Vilavazo and will enable the government to logically explain why the CS, who is not otherwise a drug trafficker, (1) knew to approach defendant Vilavazo about purchasing methamphetamine, and (2) was able to ultimately buy methamphetamine from defendant Vilavazo. Additionally, it explains why the CS agreed to cooperate with law enforcement. The evidence explains how defendant Vilavazo was able to provide the CS with methamphetamine, and why he chose to do that through another individual (defendant Huerta). This goes to the heart of the elements that the government must prove to establish the narcotics trafficking conspiracy alleged in the indictment and to demonstrate how defendant Vilavazo aided and abetted defendant Huerta's distribution of methamphetamine.

Accordingly, these are not "other acts" evidence, but rather direct evidence inextricably intertwined with the charged offenses.

### B. Alternatively, the CS's Testimony is Admissible Under Rule 404(b)

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts," while not admissible to prove bad character or propensity, may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Case law recognizes that Federal Rule of Evidence 404(b) is a "rule of inclusion," and the district court has wide discretion to decide whether to admit such evidence. United States v. Blitz, 151 F.3d 1002, 1007 (9th Cir. 1998). However, "[o]nce it has been established that the evidence offered serves one of [the 404(b)] purposes . . . the only conditions justifying the exclusion of the evidence are those described in Rule 403." United States v. Curtin, 489 F.3d 935, 944 (9th Cir. 2007) (en banc).  ."). As the Supreme Court explained in Huddleston v. United States, 485 U.S. 681 (1988), "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining the mental state is by drawing inferences from conduct." 485 U.S. at 685. District courts have wide discretion in deciding whether to admit Rule 404(b) evidence. See United States v. Diggs, 649 F.2d 731, 737 (9th Cir. 1981).

Evidence is admissible under Rule 404(b) if: (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the

defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged. United States v. Vo, 413 F.3d 1010, 1018 (9th Cir. 2005) (internal citations and quotations omitted).

### 1. The CS's Testimony Proves A Material Point

The CS's testimony that the government seeks to admit proves material elements of this offense, namely knowledge, intent and absence of mistake. As noted in section A above, to establish conspiracy, the government must prove that defendant joined in the conspiratorial agreement *knowing* of its purpose and *intending* to help accomplish that purpose. For the aiding and abetting charge, the government must prove that defendant *knowingly* and *intentionally* aided a person to commit each element of distribution of methamphetamine. Notably, it is not enough for the government to show that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person. See Ninth Circuit Model Criminal Jury Instruction Nos. 5.1, 9.19 (2010 ed.) (modified). The CS's testimony establishes that defendant Vilavazo is knowledgeable about drug trafficking and would not accidentally put a drug customer in contact with a drug dealer.

The CS's testimony also shows defendant Vilavazo's opportunity, motive and modus operandi. The CS's testimony regarding defendant Vilavazo's relationship with Nestor Hernandez demonstrates how defendant Vilavazo coordinates with others to redistribute narcotics, just as he did with defendant Huerta in this case. Defendant's statements also establish his motive (money and continued business) and opportunity in coordinating the deal for the CS.

### 2. The Acts Are Not Too Remote In Time

The conversations that defendant Vilavazo had with the CS are not remote in time; indeed, they occur over a period of time that begins not more than two years prior to the acts charged in the indictment.[1]  The Ninth Circuit has routinely upheld the admission of prior acts that were significantly more remote in time.  See Vo, 413 F.3d at 1018 ("[W]e have found that a thirteen-year-old conviction is not too remote to be admitted under Federal Rule of Evidence 404(b)."); United States v. Hadley, 918 F.2d 848, 851 (9th Cir. 1990) (ten-year-old act not too remote where acts are similar); United States v. Spillone, 879 F.2d 514, 519 (9th Cir. 1989) (prior conviction more than ten years old not too remote because it was similar to the offense charged).

### 3. The Prior Act Evidence Is Reliable

Proof of the other act need only be such that "the jury reasonably could have concluded" that the prior acts occurred. Huddleston, 485 U.S. at 691.  The Ninth Circuit has described the requirement of sufficient evidence as a "low threshold."  Romero, 282 F.3d at 688.  In Huddleston, the Supreme Court expressly rejected a preponderance of the evidence standard as "inconsistent with the structure of the Rules of Evidence and with the plain language of Rule 404(b)."  485 U.S. at 687.  Moreover, prior bad acts need not be convictions to be admissible under Fed. R. Evid. 404(b).  The provision expressly includes "bad acts," and courts uniformly have

---

[1] As the CS will testify, the CS only met Nestor Hernandez approximately 18 months before Nestor Hernandez died, and the CS met defendant Vilavazo through Nestor Hernandez.  The deal in this case took place only a few months after Nestor Hernandez's death in July 2013.

held that acts other than prior convictions are relevant and admissible under it. See United States v. Plancarte-Alvarez, 366 F.3d 1058, 1062 (9th Cir. 2004) (admitting two prior drug smuggling acts); United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir. 1991) (admitting a previous arrest for possession with intent to distribute marijuana); United States v. Pitts, 6 F.3d 1366, 1371 (9th Cir. 1993) (evidence regarding arrest for possession of sawed-off shotgun admissible under Rule 404(b)).

The acts sought to be admitted here are statements made by defendant Vilavazo to and before a CS. The CS has no prior criminal history or other involvement in drug trafficking. The CS is a credible witness who will be available for cross-examination. The evidence, therefore, satisfies the reliability requirement.

### 4. The Acts are Similar to the Charged Offenses

Factual similarity is required only when prior bad act evidence is submitted to prove intent. See United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir. 1992). Where evidence of a prior bad act is offered to prove intent and another proper issue, the Ninth Circuit does not require factual similarity. United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir. 1993). Furthermore, to meet the similarity requirement, the prior act need only be similar enough to be probative of intent, in other words, to "make the existence of the defendant's knowledge more probable than it would be without the evidence." United States v. Blitz, 151 F.3d 1002, 1008 (9th Cir. 1998).

Because the evidence at issue here would be introduced to prove knowledge, intent, motive, and opportunity factual similarity is not required. Nevertheless, the defendant's prior conduct is similar to

the charged offense in that the prior conduct all involves instances of defendant Vilavazo's conspiracies to traffic in narcotics.

Accordingly, subject to 403 analysis, the proffered evidence is admissible as evidence under 404(b) of defendant Vilavazo's knowledge, intent, and modus operandi.

### C. The Probative Value of the Proffered Evidence Is Not Substantially Outweighed by The Danger of Unfair Prejudice

The proffered evidence is not made inadmissible by Federal Rule of Evidence 403 because it is not unfairly prejudicial and its probative value is not substantially outweighed by any danger of unfair prejudice. Fed. R. Evid. 403. As the court noted in United States v. Parker, 549 F.2d 1217, 1222 (9th Cir.), evidence "is not rendered inadmissible because it is of a highly prejudicial nature . . . . The best evidence often is." Only evidence that "has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" is considered "unfairly" prejudicial. United States v. Skillman, 922 F.2d 1370, 1374 (9th Cir. 1990)(quoting Advisory Committee Notes to Rule 403). In the context of Rule 404(b) evidence, "unfair prejudice" thus means that the jury might use the other acts evidence to establish defendant's propensity to commit the crime with which he is charged, a basis explicitly excluded by Rule 404(b). However, the Advisory Committee Note goes on to state that unfair prejudice resulting from the introduction of Rule 404(b) evidence can be cured by an instruction that the jury should consider the evidence only for the purpose for which it is introduced. United States v. Boise, 916 F.2d 497, 501 (9th Cir. 1991).

1    Here, as noted in the case law, any evidence that tends to
2 incriminate defendant is, by is nature, prejudicial to him.  Because,
3 however, the probative value of the proffered evidence is so great,
4 and there is little danger of unfair prejudice (i.e., the jury is
5 unlikely to be emotionally inflamed by the proffered evidence), Rule
6 403 supports its admission.

## III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court permit the use of the aforementioned evidence in the government's case-in-chief as admissible for the reasons set forth above.