Angel Navarro (SBN) 155702
LAW OFFICE OF ANGEL NAVARRO
The Petroleum Building
714 W. Olympic Blvd., Suite 450
Los Angeles, CA 90015
Tel.: (213) 744-0216
Fax: (213) 746-4435
e-mail: angel_navarro@me.com
Attorney for Defendant
Ismael Gutierrez Vilavazo

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>        vs.<br><br>Ismael Gutierrez Vilavazo,<br><br><br>        Defendant. | Case No. CR 14-00209-TJH<br><br>DEFENDANT'S RESPONSE TO GOVERNMENT'S IN LIMINE MOTIONS RE: NARCOTICS TRAFFICKING EVIDENCE<br><br>Hearing Date: Nov. 3, 2014<br>Hearing Time: 10:00 a.m. |

Defendant, Ismael Gutierrez Vilavazo (hereinafter defendant), by and through his counsel of record, Angel Navarro, hereby submits his response and opposition to the government's in limine motions re: admission of narcotics trafficking evidence.

Respectfully submitted,


October 30, 2014
DATE

        /S/ Angel Navarro
        ANGEL NAVARRO
        Attorney for Defendant
        Ismael Gutierrez Vilavazo

DEFENDANT'S RESPONSE TO GOVERNMENT'S IN LIMINE MOTION RE: NARCOTICS TRAFFICKING EVIDENCE

I

<u>INTRODUCTION</u>

Defendant Ismael Gutierrez Vilavazo is scheduled to stat trial before this Court on November 25, 2014.  Defendant has been charged in an Eleven-count Indictment with conspiracy to distribute drugs, aiding and abetting, and other drug related charges.  Defendant is charged in Count 1-8 of the Indictment

This Indictment stems from a government investigation wherein defendant and a second individual were originally charged together.  The charges against co-defendant Jorge Beristain Huerta were dismissed by the government on September 22, 2014.  Defendant is now scheduled to be tried alone.  The government has now moved, in limine, through two separate motions, for this Court to issue an Order allowing the government to introduce a number of specific items of evidence.

The first of these motions was filed on August 12, 2014.  In this first motion, the government is seeking a Court order allowing for the introduction of alleged communications between defendant and the confidential informant (CI).  These alleged communications are as follows:

(1) The CI claims that he was present with defendant approximately four to five months after the CI met defendant and he overheard defendant argue with a person by the name of Nestor Hernandez about the loss of two pounds of methamphetamine.  According to the CI, defendant was demanding payment from Nestor Hernandez.

DEFENDANT'S RESPONSE TO GOVERNMENT'S IN LIMINE MOTION RE: NARCOTICS TRAFFICKING EVIDENCE

(2) The CI allegedly was present when defendant and Nestor Hernandez were arguing about the theft of drugs from a white Toyota Camry parked outside of one of Nestor Hernandez' residences. The drugs were removed from a broken window.

(3) The CI allegedly went on a deer hunting trip with defendant and Nestor Hernandez in the mountains near Lancaster, California.  During the trip, defendant allegedly indicated that he wanted get back to Los Angeles because a customer was calling him.  According to the CI, defendant also told Nestor Hernandez that they had to go and bring a package, to which Hernandez responses that they would do everything when they got back.

(4) The CI will also testify that allegedly on the day after Nestor Hernandez was murdered, defendant asked him about some narcotics that defendant said he had at Hernandez' house.

The government has now filed a second motion in limine (filed on October 28, 2014), seeking permission to introduce additional drug trafficking evidence.  The government is asking for this Court to allow the introduction of items of evidence which were seized pursuant to a search of a residence located at 13349 Reedley Street, Panorama City, California, on January 16, 2014.  The government is requesting permission to introduce as evidence "small baggies common in narcotics trafficking" and a scale containing methamphetamine residue.  Additionally, the government is seeking to introduce four additional pieces of evidence which have labeled as exhibits A-D to the government's most recent motion.  They are as follows:

Exhibit A: photograph of handwritten note found in a Land Rover on the day of the search on January 16, 2014;

Exhibit B: a copy of a document which the government believes to be a pay/owe sheet found inside the above-referenced Land Rover on January 16, 2014;

Exhibit C: a vehicle registration record for the same Land Rover;

Exhibit D: a second vehicle registration for the same Land Rover.

In total, the government is seeking to introduce ten pieces of so-called evidence pursuant to Federal Rule of Evidence 404(b).  Defendant submits to this Court that these items are not relevant to the present charges.  Furthermore, a number of these pieces of evidence have not been properly authenticated, and appear to have no relevance to the present charges.   In addition, some of these items of evidence are so prejudicial that their exclusion under FRE 403 is appropriate.

II

ARGUMENT

Government counsel correctly points out to this Court that uncharged acts or other conduct are not subject to being excluded pursuant to Federal Rule of Evidence 404(b) under certain circumstances.  If the proffered evidence is inextricably intertwined with the current charges, the court may admit such evidence.  Whether or not the evidence in question is inextricably intertwined with the charges in question depends on one of two factors: (1) does the evidence in question constitute a part of the transaction that serves as the basis of the current charge; or (2) is the new evidence necessary to permit the government to offer a

coherent and comprehensible story regarding the current charges. United States v. DeGeorge, 380 F. 3d 1203, 1220 (9th Cir. 2004).

In the present case, the evidence which the government seeks to introduce at defendant's trial does not satisfy either prong of the DeGeorge standard. The first four items of evidence which the government intends to introduce at trial all are unsubstantiated claims made by the CI. There is no way to corroborate any of the information referenced in the allegations made by the CI. These self-serving statements do not appear to have been made in connection with the government's investigation in this case.

The plastic baggies and the digital scale also do not appear any connection to the present charges. The government has not established a real connection between these items and the present charges. For example, if the baggies and scale had been obtained by the government during a search on the day in question, this would be a different situation. The government cannot now claim that those baggies and scale are related to the present charges.

The government admits in its motion that the four pieces of evidence labeled as Exhibits A-D were all recovered at a property which was connected to a cockfighting investigation. The government is attempting to introduce the so-called pay/owe sheets as evidence of narcotics trafficking by defendant. The government has failed to authenticate the so-called pay/owe sheets. The government has not established who wrote the so-called pay/owe sheet. The government has not established when the so-called pay/owe sheets were created, and by whom. The government has not alleged that defendant had a list of clients

DEFENDANT'S RESPONSE TO GOVERNMENT'S IN LIMINE MOTION RE: NARCOTICS TRAFFICKING EVIDENCE

who purchased narcotics from defendant on a regular basis.  If that were the case, then perhaps the so-called pay/owe sheet would be relevant to the current charges.

In addition the item listed on Exhibit A also has not been authenticated as well.  The item listed in Exhibit A appear to reference utility bills, pay stubs and a bank statement. There appears to be no real connection between the contents of Exhibit A and the charges against defendant.  Exhibit A also suffers from the same lack of authentication as Exhibit B. The government has not established when Exhibit A was created.  In addition, the government has not established who created the contents of Exhibit A.

The items which the government is attempting to introduce also appear to do little when it comes to explain the government's case.  The government will have the opportunity to call the confidential informant as a witness at trial.  The confidential informant will be able to testify and explain the nature of his relationship with defendant.   Defendant requests that this Court preclude the government from attempting to introduce these items of evidence.


**FRE 404(b) Analysis:**

To admit evidence of prior bad conduct for one of the "other purposes" identified in Rule 404(b)(2) during a criminal trial, the evidence must be (1) relevant to a material element of the offense; (2) be similar to the charged conduct; (3) be based on sufficient evidence; and (4) not be too remote in time.  United States v. Howell, 231 F. 3d 615, 628 (9th Cir. 2000).  In addition, the government has the burden of proving that the evidence in question meets all of

these requirements.  <u>United States v. Alfonso</u>, 759 F. 2d 728, 739 (9th Cir. 1985).

Furthermore, this evidence is subject to FRE 403 limitations as well.

The evidence which the government seeks to introduce does not appear to be relevant evidence.  None of the evidence specifically pertains to the charged conduct of the Indictment.  The evidence which the government is attempting to elicit from alleged meetings and conversations between defendant and the CI cannot be corroborated.  This highly suspect evidence was not gathered under the guidance and control of the government.  The alleged conversations and meetings between defendant and the CI took place months before this investigation took place.

In addition, the supposed drug evidence which was found at the Reedley Street address was recovered on January 16, 2014.  The alleged narcotics deal charged in the Indictment took place on September 26, 2013.  The government cannot simply try and tie two separate events in order to gain a conviction against the defendant in this case.  The government has not demonstrated how it is that the evidence which was seized on January 16, 2014, is truly relevant to the present charges against defendant.

The evidence listed as Exhibits A-D of the government's most recent motion also fails the relevance prong of FRE 404(b).  The piece of paper which allegedly ties defendant to Nestor Hernandez has no real relevance to the present charges.  In addition, the supposed pay/owe sheet which was found within the Range Rover cannot be authenticated.  The government cannot say who wrote the note or when the note was written.

DEFENDANT'S RESPONSE TO GOVERNMENT'S IN LIMINE MOTION RE: NARCOTICS TRAFFICKING EVIDENCE

A more troubling aspect exists with respect to some of the pieces of evidence which the government is seeking to introduce at trial.  The alleged conversations which took place between the defendant and Nestor Hernandez are both irrelevant and highly prejudicial.  The government has referenced in its motion that Nestor Hernandez was murdered.  The alleged conversations which were overheard by the CI state that there were disagreements between defendant and Nestor Hernandez.  The inference that a jury could draw from this is that defendant was somehow responsible for the murder of Nestor Hernandez.  Such baseless accusations are extremely prejudicial and should be excluded pursuant to FRE 403.

The same problem exists with the additional pieces of evidence which attempt to reference an on-going relationship between defendant and Nestor Hernandez (the documents found in the Range Rover).  This case is about a confidential informant allegedly obtaining drugs from a third person at the behest of defendant.  This case is not a murder investigation.  Defendant requests that this Court exclude this evidence on relevance, 404(b) and 403 grounds.

Respectfully submitted,


October 30, 2014                           /S/ Angel Navarro
DATE                                       ANGEL NAVARRO
                                           Attorney for Defendant
                                           Ismael Gutierrez Vilavazo


DEFENDANT'S RESPONSE TO GOVERNMENT'S IN LIMINE MOTION RE: NARCOTICS TRAFFICKING
EVIDENCE