1  Angel Navarro (SBN) 155702
2  LAW OFFICE OF ANGEL NAVARRO
   The Petroleum Building
3  714 W. Olympic Blvd., Suite 450
   Los Angeles, CA 90015
4  Tel.: (213) 744-0216
5  Fax: (213) 746-4435
   e-mail: angel_navarro@me.com
6  Attorney for Defendant
7  Ismael Gutierrez Vilavazo

8              IN THE UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10

11 | United States of America,           | Case No. CR 14-00209-TJH
   |                                     |
12 |     Plaintiff,                      |
   |                                     | DEFENDANT'S REQUEST FOR
13 |     vs.                             | HEARING RE: SECOND
   |                                     | CONFIDENTIAL SOURCE (CS-2)
14 | Ismael Gutierrez Vilavazo,          | DISCOVERY
   |                                     |
15 |                                     | Hearing Date: To be set by court
   |     Defendant.                      | Hearing Time: To be set by court
16 |                                     |

17
18      Defendant, Ismael Gutierrez Vilavazo (hereinafter defendant), by and through
19
   his counsel of record, Angel Navarro, hereby submits the enclosed request for this
20
   Court to set a hearing with respect to discovery dealing with the second confidential
21
22 source (CS-2) prior to trial.

23                                      Respectfully submitted,
24
25
26 November 15, 2014              /S/ Angel Navarro
   DATE                           ANGEL NAVARRO
27                                Attorney for Defendant
28                                Ismael Gutierrez Vilavazo

       DEFENDANT'S REQUEST FOR HEARING RE: SECOND CONFIDENTIAL SOURCE DISCOVERY

I

INTRODUCTION

Defendant Ismael Gutierrez Vilavazo is scheduled to stat trial before this Court on November 25, 2014. On November 3, 2014, the parties appeared before the Court in order to address motions in limine and other pre-trial matters. During the hearing, government counsel indicated to the Court that there was a second confidential human source (CS-2), and that CS-2 had provided information to the government with respect to the confidential source in this case (CS-1). According to what the government indicated to the Court, CS-2 indicated among other things during a debriefing with the government that: CS-1 was selling and distributing drugs and that CS-2 had a drug connection. Apparently, this information was in direct contradiction to what CS-1 had been telling the government agents during the investigation of defendant. CS-1 had apparently told the agents in this case that he was not a drug dealer.

Defense counsel would like the opportunity to interview CS-2. Defense counsel has reason to believe that CS-2 can provide information to defense counsel which can be helpful in the defense of these charges. This is by no means a fishing expedition by the defense.

Defense counsel has requested that the government provide the identity of CS-2 and make CS-2 available for an interview by defense counsel and the defense CJA investigator. The government has indicated that the government would stipulate to the statements made by CS-2 about CS-1 and the government would not object on hearsay grounds to the cross-examination of CS-1 with respect to the information that CS-2 provided. The government has indicated that it opposes revealing the identify of CS-2 for safety reasons, because this

will interfere with ongoing investigations and because it is not essential to a fair trial in light of the government's willingness to stipulate.

Although defense counsel appreciates the government's apparent willingness to accommodate the defense, defense counsel believes that this is simply not sufficient. Defense counsel believes that CS-2 has information which is instrumental to the defense in this case. Defense counsel would like the opportunity to interview CS-2. Defense counsel believes that by interviewing CS-2, defense counsel will be able to properly defend the defendant in this case.

Defense counsel does not object to a protective order wherein defense counsel and defendant's CJA investigator would agree not to disclose the identify of CS-2 and agree that any information derived from an interview of CS-2 would only be used in defending this case. Defense counsel would also be willing to provide an in camera filing with the Court with respect to the information we expect to obtain from CS-2.

II

ARGUMENT

"Where the disclosure of an informer's identity…is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *United States v. Roviaro,* 353 U.S. 53, 60-61 (1957). Disclosure of a CI's true identify is material to a defense at trial of entrapment and is required. Mr. Gutierrez bears the burden of demonstrating the need for the disclosure. *See United States v. Spires*, 3 F. 3d 1234, 1238 (9th Cir. 1993). In deciding whether the necessary showing has been made, the Court must

balance "the public interest in protecting the flow of information against the individuals' right to prepare his defense." *Roviaro,* 353 U.S. at 62.

      This is not a situation where the government is refusing to provide information about the confidential informant. To the contrary, the government has indicated that the confidential source (CS-1), will be a witness in this trial. The government has provided detailed information about CS-1. What the government apparently was unaware of, is that CS-1 had been dealing in narcotics for a significant period of time. According to the information provided by CS-2 during a recent meeting with the government, CS-2 believes that CS-1 had been dealing in narcotics for a significant period of time.

      It is this important link that the defense needs to explore. Defense counsel has reason to believe that CS-2 has additional information with respect to CS-1. This additional information is essential to allow the defense to properly defend the defendant in this case. Defense counsel firmly believes that CS-1 has been dishonest with the government and defense counsel believes that CS-2 can provide additional information with respect to the credibility of CS-1.

      Defense counsel also submits to this Court that the Court hold an *in camera* hearing to further conduct the balancing contemplated by the Court in *Roviaro*. When the defense makes a "minimal threshold showing that disclosure would be relevant to at least one defense," an *in camera* hearing is required. *Spires*, 3 F. 3d at 1238; *see also United States v. Amador-Galvan,* 9F.3d 1414 (9th Cir. 1993).

/

/

DEFENDANT'S REQUEST FOR HEARING RE: SECOND CONFIDENTIAL SOURCE DISCOVERY

As this Court is also aware, the Ninth Circuit has observed numerous times that confidential informants seeking benefits from the government face "temptations to produce as many accused as possible" and that "[t]he use of informants…is fraught with peril." *United States. V. Montgomery*, 998 F. 2d 1468, 1472 (9th Cir. 1993) (quoting *Velvarde-Villareal v. United States*, 354 F. 2d 9, 13 (9th Cir. 1965) and *United States v. Bernal-Obeso*, 989 F. 3d 331, 333 99th Cir. 1993)). "By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and form lying under oath in the courtroom." *Bernal-Obeso,* 989 F.2d at 333.

In this case, it is critical to the defense that defense counsel be able to interview CS-2 in order to be able to fully represent the defendant in this case. It is essential that all information necessary to conduct a full pre-trial investigation and pre-trial preparation be provided in this case.

From the information disclosed by the government to the Court with respect to CS-1, it appears as if CS-1 was dishonest with the agents and the government. CS-2 has provided information which directly contradicts what CS-1 previously told the government agents.

/

/

/

/

/

DEFENDANT'S REQUEST FOR HEARING RE: SECOND CONFIDENTIAL SOURCE DISCOVERY

Defense counsel has reason to believe that CS-2 is aware of additional information which bears on CS-1's credibility.  Defense counsel needs to interview CS-2 to verify this information.  This additional information is imperative to provide a fair defense in this case.

Respectfully submitted,

November 15, 2014                              /S/ Angel Navarro
DATE                                                  ANGEL NAVARRO
                                                          Attorney for Defendant
                                                          Ismael Gutierrez Vilavazo

DEFENDANT'S REQUEST FOR HEARING RE: SECOND CONFIDENTIAL SOURCE DISCOVERY