STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
Kimberly D. Jaimez (Cal. Bar No. 271535)
Michael O. Azat (Cal. Bar No. 278409)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2253
    Facsimile: (213) 894-0141
    E-mail:    kimberly.jaimez@usdoj.gov
                michael.azat@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>ISMAIL GUTIERREZ VILAVAZO,<br>  aka "Ismail Gutierrez,"<br>  aka "Mike Gutierrez,"<br>  aka "Mikey,",<br><br>       Defendant. | No. CR 14-209-TJH<br><br><u>PROPOSED JURY INSTRUCTIONS</u><br><br>Trial Date:  11/25/2014<br>Time:          10:00 a.m.<br>Location:    Courtroom of the<br>             Hon. Terry J.<br>             Hatter |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and Assistant United States Attorneys Michael O. Azat and Kimberly D. Jaimez, hereby respectfully request that the Court include the attached instructions to its charge to the jury.

1    Leave is respectfully requested to include such other and

2  additional instructions as may become appropriate during the course

3  of trial.

4  Dated: November 18, 2014          Respectfully submitted,

5                                    STEPHANIE YONEKURA
                                     Acting United States Attorney
6
                                     ROBERT E. DUGDALE
7                                    Assistant United States Attorney
                                     Chief, Criminal Division
8

9                                    _____/s/_____
                                     KIMBERLY D. JAIMEZ
10                                   MICHAEL O. AZAT
                                     Assistant United States Attorney
11
                                     Attorneys for Plaintiff
12                                   UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INDEX OF GOVERNMENT'S JURY INSTRUCTIONS

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 1 | | Introduction to the Final Charge — Province of the Court and of the Jury | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:01 (6th ed. 2008) | 1-2 |
| 2 | | Judging Evidence | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:02 (6th ed. 2008) | 3 |
| 3 | | Evidence received in the case — Stipulations, judicial notice, and inferences remitted | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:03 (6th ed. 2008) | 4-5 |
| 4 | | Direct and circumstantial evidence | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:04 (6th ed. 2008) | 6 |
| 5 | | Inference from the evidence | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:05 (6th ed. 2008) | 7 |
| 6 | | Jury's recollection contrtols | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:07 (6th ed. 2008) | 8 |

i

**INDEX OF GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CONT.)**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 7 | | The question is not evidence | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12:08 (6th ed. 2008) | 9 |
| 8 | | Consider only the charged offense | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12:09 (6th ed. 2008) | 10 |
| 9 | | Presumption of innocence, burden of proof, and reasonable doubt | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12:10 (6th ed. 2008) | 11-12 |
| 10 | | Verdict as to defendant only | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12:11 (6th ed. 2008) | 13 |
| 11 | | Consider each count separately | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12:12 (6th ed. 2008) | 14 |

1

**INDEX OF GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CONT.)**

2

3

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 12 | | The indictment is not evidence | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 13:05 (6th ed. 2008) | 15 |
| 13 | | "On or about" – Explained | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 13:06 (6th ed. 2008) | 16 |
| 14 | | Opinion evidence – The expert witness | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 14:01 (6th ed. 2008) | 17 |
| 15 | | Charts and summaries admitted into evidence] (modified to insert "by the prosecution" after "prepared" | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 14:02 (6th ed. 2008) | 18 |
| 16 | | Credibility of witnesses – Generally | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 15:01 (6th ed. 2008) | 19-20 |

iii

**INDEX OF GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CONT.)**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 17 | | Credibility of a witness – Inconsistent statement (*falsus in uno falsus in omnibus*) | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 15:06 (6th ed. 2008) | 21 |
| 18 | | Credibility of a witness – The defendant's conviction of a felony **[if applicable]** | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 15:08 (6th ed. 2008) | 22 |
| 19 | | Credibility of a witness – The defendant as a witness **[if applicable]** | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 15:12 (6th ed. 2008) | 23 |
| 20 | | Effect of defendant's decision not to testify **[if applicable]** | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 15:14 (6th ed. 2008) | 24 |
| 21 | | The Nature of the Offense Charged – Conspiracy to Distribute Methamphetamine | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31:01 (6th ed. 2008) | 25-27 |

**INDEX OF GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CONT.)**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 22 | | Dismissal of some defendants | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 11:14 (6th ed. 2008) | 28 |
| 23 | | The statute defining the offense charged | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31:02 (6th ed. 2008) | 29 |
| 24 | | The essential elements of the offense charged | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31:03 (6th ed. 2008) | 30 |
| 25 | | Membership in an agreement (modified for 18 U.S.C. § 846) | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31:05 (6th ed. 2008) | 31 |
| 26 | | Acts and declarations of co-conspirators | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31:06 (6th ed. 2008) | 32 |

**INDEX OF GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CONT.)**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 27 | | The Nature of the Offense Charged – Distribution of Methamphetamine | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31:01 (6th ed. 2008) | 33 |
| 28 | | The statute defining the offense charged – Distribution of a Controlled Substance | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 64:02 (6th ed. 2008) | 34 |
| 29 | | The essential elements of the offense charged – Distribution of Methamphetamine | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 64:03 (6th ed. 2008) | 35 |
| 30 | | "To distribute" — Defined | O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 64:03 (6th ed. 2008) | 36 |
| 31 | | Liability for Substantive Offense Charged by Co-Conspirator | Ninth Circuit Model Criminal Jury Instructions, No. 8.25 (2010 ed.) | 37 |
| 32 | | Aiding and Abetting | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 18:01 (6th ed. 2006) | 38-39 |

1

**INDEX OF GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CONT.)**

2

3

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 33 | | The Nature of the Offense Charged – Use of a Telephone to Facilitate a Felony Drug Offense | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31:01 (6th ed. 2008) | 40 |
| 34 | | "Knowing" — Defined | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 17:04 (6th ed. 2008) | 41 |
| 36 | | Proof of knowledge or intent – Rule 404(b) Evidence | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 17:08 (6th ed. 2008) | 42 |
| 37 | | Opinion testimony from law enforcement officer | United States v. Vera, No. 12-50294, 2014 WL 5352727 (C.D. Cal. Oct. 24, 2014); see also United States v. Martinez, 657 F.3d 811, 817 (9th Cir. 2011) | 43 |

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion

of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the pleas of not guilty by the defendants.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion. Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:01 (6th ed. 2008) [Introduction to the Final Charge — Province of the Court and of the Jury]

2

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 2

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.  Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:02 (6th ed. 2008) [Judging the Evidence]

3

1          COURT'S INSTRUCTIONS NO. _____

2          PROPOSED JURY INSTRUCTION NO. 3

3      The evidence in this case consists of the sworn testimony of the
4  witnesses — regardless of who may have called them — all exhibits
5  received in evidence — regardless of who may have produced them — all
6  facts which may have been agreed to or stipulated and all facts and
7  events which may have been judicially noticed.

8      When the attorneys on both sides stipulate or agree as to the
9  existence of a fact, you may accept the stipulation as evidence and
10 regard that fact as proved.  You are not required to do so, however,
11 since you are the sole judge of the facts.

12     The Court has taken judicial notice of certain facts or events.
13 When the Court declares that it has taken judicial notice of some
14 fact or event, you may accept the Court's declaration as evidence and
15 regard as proved the fact or event which has been judicially noticed.
16 You are not required to do so, however, since you are the sole judge
17 of the facts.

18     Any proposed testimony or proposed exhibit to which an objection
19 was sustained by the Court and any testimony or exhibit ordered
20 stricken by the Court must be entirely disregarded by you.

21     Anything you may have seen or heard outside the courtroom is not
22 evidence and must be entirely disregarded.

23     Questions, objections, statements, and arguments of counsel are
24 not evidence in the case unless made as an admission or stipulation
25 of fact.

26     You are to base your verdict only on the evidence received in
27 the case.  In your consideration of the evidence received, however,
28 you are not limited to the bald statements of the witnesses or to the

4

bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:03 (6th ed. 2008) [Evidence received in the case — Stipulations, judicial notice, and inferences remitted]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 4

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:04 (6th ed. 2008) [Direct and circumstantial evidence]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 5

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:05 (6th ed. 2008) [Inferences from the evidence]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 6

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:07 (6th ed. 2008) [Jury's recollection controls]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 7

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:08 (6th ed. 2008) [The question is not evidence]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 8

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:09 (6th ed. 2008) [Consider only the charged offense]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 9

I instruct you that you must presume the defendant to be innocent of the crime charged.  Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" — with no evidence against him.  The indictment, as you already know, is not evidence of any kind.  The defendant is, of course, not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense — the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that defendant has committed each and every element of the offenses charged in the indictment, you must find defendant not guilty of the

11

offenses.  If the jury views the evidence in the case as reasonably permitting either of two conclusions — one of innocence, the other of guilt — the jury must, of course, adopt the conclusion of innocence.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:10 (6th ed. 2008) [Presumption of innocence, burden of proof, and reasonable doubt]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 10

You are here to determine whether the government has proven the guilt of the defendant for the charges in the indictment beyond a reasonable doubt.  You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty.  But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendant not guilty.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:11 (6th ed. 2008) [Verdict as to defendant only]

13

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 11

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury.  The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12:12 (6th ed. 2008) [Consider each count separately]

14

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 12

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crime charged.  Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.  The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 13:05 (6th ed. 2008) [The indictment is not evidence]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 13

The indictment charges that the offenses alleged in Counts One through Eleven were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in Counts One through Eleven of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 13:05 (6th ed. 2008) ["On or about" - Explained]

16

1          COURT'S INSTRUCTIONS NO. _____

2          PROPOSED JURY INSTRUCTION NO. 14

3      The rules of evidence ordinarily do not permit witnesses to

4  testify as to their own opinions or their own conclusions about

5  important questions in a trial.  An exception to this rule exists as

6  to those persons who are described as "expert witnesses".  An "expert

7  witness" is someone who, by education or by experience, may have

8  become knowledgeable in some technical, scientific, or very

9  specialized area.  If such knowledge or experience may be of

10 assistance to you in understanding some of the evidence or in

11 determining a fact, an "expert witness" in that area may state an

12 opinion as to a matter in which he or she claims to be an expert.

13     You should consider each expert opinion received in evidence in

14 this case and give it such weight, if any, as you may think it

15 deserves.  You should consider the testimony of expert witnesses just

16 as you consider other evidence in this case.  If you should decide

17 that the opinion of an expert witness is not based upon sufficient

18 education or experience, or if you should conclude that the reasons

19 given in support of the opinion are not sound, or if you should

20 conclude that the opinion is outweighed by other evidence, you may

21 disregard the opinion in part or in its entirety.

22     As I have told you several times, you — the jury — are the sole

23 judges of the facts of this case.

24

25

26 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions,

27 § 14:01 (6th ed. 2008) [Opinion evidence – The expert witness]

28

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 15

Charts or summaries have been prepared by the prosecution, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case.  You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 14:02 (6th ed. 2008) [Charts and summaries admitted into evidence] (modified to insert "by the prosecution" after "prepared")

18

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 16

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a

19

discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.  You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 15:01 (6th ed. 2008) [Credibility of witnesses – Generally]

1                 COURT'S INSTRUCTIONS NO. _____

2              PROPOSED JURY INSTRUCTION NO. 17

3      The testimony of a witness may be discredited or, as we

4 sometimes say, impeached by showing that he or she previously made

5 statements which are different than or inconsistent with his or her

6 testimony here in court.  The earlier inconsistent or contradictory

7 statements are admissible only to discredit or impeach the

8 credibility of the witness and not to establish the truth of these

9 earlier statements made somewhere other than here during this trial.

10 It is the province of the jury to determine the credibility of a

11 witness who has made prior inconsistent or contradictory statements.

25 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §

26 15:06 (6th ed. 2008) [Credibility of a witness – Inconsistent

27 statement (*falsus in uno falsus in omnibus*)]

28                 COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 18

Evidence that the defendant has been convicted of a felony is one of the circumstances which you may consider in determining the credibility of the defendant as a witness.  Evidence of such an earlier conviction, however, must never be considered by you as evidence of any kind of the guilt of the crime for which the defendant is now on trial.  You are specifically forbidden to use this kind of evidence for that purpose.  In other words, you may not use evidence of the earlier conviction in determining whether or not the defendant committed the crimes charged in the indictment.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 15:08 (6th ed. 2008) [Credibility of a witness – The defendant's conviction of a felony]

22

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 19

You should judge the testimony of Defendant Vilavazo in the same manner as you judge the testimony of any other witness in this case.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 15:12 (6th ed. 2008) [Credibility of a witness – The defendant as a witness]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 20

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that Defendant Vilavazo did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 15:14 (6th ed. 2008) [Effect of defendant's decision not to testify]

24

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 21

Count One of the indictment charges that beginning on a date unknown until on or about the seventh day of October, 2013, in Los Angeles County, in the Central District of California, and elsewhere, the Defendants, ISMAEL GUTIERREZ VILAVAZO, also known as ("aka") "Ismael Gutierrez," aka "Mike Gutierrez," aka "Mikey," and JORGE BERISTIAN HUERTA, aka "Moreno," came to some type of agreement or understanding to commit an offense against the United States, or agency thereof, namely to knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31:01 (6th ed. 2008) [The Nature of the Offense Charged – Conspiracy to Distribute Methamphetamine]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 22

The case has now been disposed of as to JORGE BERISTIAN HUERTA. He is not of concern to you and you should not speculate as to the reason for this occurrence.

This disposition should not control or influence your verdict with reference to the remaining defendant and you must base your verdict solely on the evidence received.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 11:14 (6th ed. 2008) [Dismissal of some defendants]

26

1          COURT'S INSTRUCTIONS NO. _____

2          PROPOSED JURY INSTRUCTION NO. 23

3      Section 371 of Title 18 of the United States Code provides, in

4  part, that:

5      "If two or more persons conspire either to commit any offense

6  against the United States, or to defraud the United States, or any

7  agency thereof . . . and one or more of such persons do any act to

8  effect the object of the conspiracy, . . ."

9      an offense against the United States has been committed.

26  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §

27  31:02 (6th ed. 2008) [The statute defining the offense charged]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 24

In order to sustain its burden of proof for the crime of conspiracy to distribute methamphetamine as charged in Count One of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:  The conspiracy, agreement, or understanding to distribute methamphetamine, as described in the indictment, was formed, reached, or entered into by two or more persons;

Two:  At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose(s) of the agreement; and

Three:  With knowledge of the purpose(s) of the conspiracy, agreement, or understanding, the defendant then deliberately joined the conspiracy, agreement, or understanding; and

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31:03 (6th ed. 2008) [The essential elements of the offense charged]

(modified to remove 'overt act' requirement for 18 U.S.C. § 846)

28

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 25

Before the jury may find that Defendant VILAVAZO, or any other person, became a member of the conspiracy charged in Count One of the indictment, the evidence in the case must show beyond a reasonable doubt that Defendant VILAVAZO knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31:05 (6th ed. 2008) [Membership in an agreement]

29

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 26

Evidence has been received in this case that certain persons, who are alleged in Count One of the indictment to be co-conspirators of Defendant VILAVAZO, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count One of the indictment against Defendant VILAVAZO.

Since these acts may have been performed and these statements may have been made outside the presence of Defendant VILAVAZO and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31:06 (6th ed. 2008) [Acts and declarations of co-conspirators]

30

1                   COURT'S INSTRUCTIONS NO. _____

2                 PROPOSED JURY INSTRUCTION NO. 27

3        Count Two of the indictment charges that on or about the twenty-

4   sixth day of September, 2013, in Los Angeles County, in the Central

5   District of California, JORGE BERISTIAN HUERTA, also known as ("aka")

6   "Moreno," aided and abetted by defendant ISMAEL GUTIERREZ VILAVAZO,

7   also known as ("aka") "Ismael Gutierrez," aka "Mike Gutierrez," aka

8   "Mikey," knowingly and intentionally distributed at least five grams,

9   that is, approximately 48.6 grams of methamphetamine, a Schedule II

10  controlled substance.

25  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions,

26  § 31:01 (6th ed. 2008) [The Nature of the Offense Charged –

27  Distribution of Methamphetamine]

1                    COURT'S INSTRUCTIONS NO. _____

2                    PROPOSED JURY INSTRUCTION NO. 28

3      Section 841(a)(1) of Title 21 of the United States Code

4 provides, in part, that:

5      (a) . . . it shall be unlawful for any person knowingly or

6 intentionally—

7            (1) to … distribute, . . . a controlled substance . . .

25 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions,

26 § 64:02 (6th ed. 2008) [The statute defining the offense charged –

27 Distribution of a Controlled Substance]

28

                                32

1  COURT'S INSTRUCTIONS NO. _____

2  PROPOSED JURY INSTRUCTION NO. 29

3       In order to sustain its burden of proof for the crime of

4  distribution of a controlled substance as charged in Count Two of the

5  indictment, the government must prove the following two (2) essential

6  elements beyond a reasonable doubt:

7       One:  Defendant knowingly and intentionally distributed

8  approximately 48.6 grams methamphetamine, the controlled substance

9  described in Count Two of the indictment; and

10      Two:  At the time of such distribution, the defendant knew that

11 the substance distributed was methamphetamine (the controlled

12 substance).

13

14

15

16

17

18

19

20

21

22

23

24

25 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions,

26 § 64:04 (6th ed. 2008) [The essential elements of the offense charged

27 – Distribution of Methamphetamine]

28

33

1                       COURT'S INSTRUCTIONS NO. _____

2                    PROPOSED JURY INSTRUCTION NO. 30

3      The term "to distribute", as used in these instructions, means

4 to deliver or to transfer possession or control of something from one

5 person to another.

6      The term "to distribute" includes the sale of something by one

7 person to another.

26 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §

27 64:03 (6th ed. 2008) ["To distribute" — Defined]

1           COURT'S INSTRUCTIONS NO. _____

2           PROPOSED JURY INSTRUCTION NO. 31

3       Each member of the conspiracy is responsible for the actions of

4   the other conspirators performed during the course and in furtherance

5   of the conspiracy.  If one member of a conspiracy commits a crime in

6   furtherance of a conspiracy, the other members have also, under the

7   law, committed that crime.

8       Therefore, you may find the defendant guilty of distribution of

9   methamphetamine as charged in Count Two of the indictment if the

10  government has proved each of the following elements beyond a

11  reasonable doubt:

12      First, a person named in Count One of the indictment committed

13  the crime of distribution of methamphetamine as alleged in that

14  count;

15      Second, the person was a member of the conspiracy charged in

16  Count One of the indictment;

17      Third, the person committed the crime of distribution of

18  methamphetamine in furtherance of the conspiracy;

19      Fourth, the defendant was a member of the same conspiracy at the

20  time the offense charged in Count One was committed; and

21      Fifth, the offense fell within the scope of the unlawful

22  agreement and could reasonably have been foreseen to be a necessary

23  or natural consequence of the unlawful agreement.

24

25

26  Ninth Circuit Model Criminal Jury Instructions, No. 8.25 (2010 ed.)

27  [Liability for Substantive Offense Charged by Co-Conspirator]

28

35

1              COURT'S INSTRUCTIONS NO. _____

2              PROPOSED JURY INSTRUCTION NO. 32

3        A person may violate the law even though he or she does not

4   personally do each and every act constituting the offense if that

5   person "aided and abetted" the commission of the offense.  Section

6   2(a) of Title 18 of the United States Code provides:  "Whoever

7   commits an offense against the United States or aids, abets,

8   counsels, commands, induces or procures its commission, is punishable

9   as a principal."

10       Before a defendant may be held responsible for aiding and

11  abetting others in the commission of a crime, it is necessary that

12  the government prove beyond a reasonable doubt that the defendant

13  knowingly and deliberately associated himself in some way with the

14  crime charged and participated in it with the intent to commit the

15  crime.

16       In order to be found guilty of aiding and abetting the

17  commission of the crime charged in the Indictment, the government

18  must prove beyond a reasonable doubt that the defendant:

19       One, knew that the crime charged was to be committed or was

20  being committed,

21       Two, knowingly did some act for the purpose of aiding,

22  commanding, or encouraging the commission of that crime, and

23       Three, acted with the intention of causing the crime charged to

24  be committed.

25       Before the defendant may be found guilty as an aider and abettor

26  to the crime, the government must also prove, beyond a reasonable

27  doubt, that some person or persons committed each of the essential

28

                                36

elements of the offense charged as detailed for you in these instructions.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The government must prove that the defendant knowingly and deliberately associated himself with the crime in some way as a participant – someone who wanted the crime to be committed – not as a mere spectator.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 18:01 (6th ed. 2006) ["Aiding and Abetting" — Defined]

37

1                    COURT'S INSTRUCTIONS NO. _____

2                  PROPOSED JURY INSTRUCTION NO. 33

3        Counts Three through Eighth of the indictment charge that on or

4   about: (1) the twenty-fifth day of September, 2013, at 3:22 p.m.,

5   3:53 p.m., and 4:58 p.m., (2) the twenty-sixth day of September,

6   2013, at 6:10 p.m. and 6:43 p.m., and (3) the seventh day of October,

7   2013, at 5:24 p.m., in Los Angeles County, in the Central District of

8   California, defendant ISMAEL GUTIERREZ VILAVAZO, also known as

9   ("aka") "Ismael Gutierrez," aka "Mike Gutierrez," aka "Mikey,"

10  knowingly and intentionally used a communication facility, namely, a

11  telephone, in committing and in causing and facilitating the

12  commission of an act constituting a felony under Title 21, United

13  States Code, Section 846, namely, conspiracy to distribute

14  methamphetamine, as charged in Count One, and aiding and abetting an

15  act to be done in violation of Title 21, United States Code, Section

16  841(a)(1), namely, distribution of methamphetamine, as charged in

17  Count Two.

18

19

20

21

22

23

24

25  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §

26  31:01 (6th ed. 2008) [The Nature of the Offense Charged – Use of a

27  Telephone to Facilitate a Felony Drug Offense]

28

                                38

1                    COURT'S INSTRUCTIONS NO. _____

2                  PROPOSED JURY INSTRUCTION NO. 34

3        The term "knowingly", as used in these instructions to describe

4   the alleged state of mind of Defendant VILAVAZO, means that he was

5   conscious and aware of his action, realized what he was doing or what

6   was happening around him, and did not act because of ignorance,

7   mistake, or accident.

26  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §

27  17:04 (6th ed. 2008) ["Knowing" — Defined]

                                    39

1                COURT'S INSTRUCTIONS NO. _____

2                PROPOSED JURY INSTRUCTION NO. 35

3     Evidence that an act was done or that an offense was committed

4 by Defendant at some other time is not, of course, any evidence or

5 proof whatever that, at another time, the defendant performed a

6 similar act or committed a similar offense, including the offense

7 charged in Counts One through Eleven of this indictment.

8     Evidence of a similar act or offense may not be considered by

9 the jury in determining whether Defendant VILAVAZO actually performed

10 the physical acts charged in this indictment.  Nor may such evidence

11 be considered for any other purpose whatever, unless the jury first

12 finds beyond a reasonable doubt from other evidence in the case,

13 standing alone, that Defendant physically did the act charged in

14 Counts One though Eleven of this indictment.

15     If the jury should find beyond a reasonable doubt from other

16 evidence in the case that Defendant VILAVAZO did the act or acts

17 alleged in the particular count under consideration, the jury may

18 then consider evidence as to an alleged earlier act of a like nature

19 in determining the state of mind or intent with which Defendant

20 actually did the act or acts charged in the particular count.

21     The defendant is not on trial for any acts or crimes not alleged

22 in the indictment.  Nor may a defendant be convicted of the crimes

23 charged even if you were to find that he committed other crimes —

24 even crimes similar to the one charged in this indictment.

25

26     O'Malley, Grenig & Lee, Federal Jury Practice and Instructions,

27 § 17:08 (6th ed. 2008) [Proof of knowledge or intent – Rule 404(b)

28 Evidence]

                        40

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 36

You have heard from Agent David Miner.  Agent Miner offered percipient testimony, that is, testimony based on personal knowledge that he gained from participating in this investigation.  You have also heard testimony from Agent Miner, who because of his education or experience, was permitted to state an opinion and the reasons for that opinion.  Agent Miner's testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think necessary.

United States v. Vera, No. 12-50294, 2014 WL 5352727 (C.D. Cal. Oct. 24, 2014); see also United States v. Martinez, 657 F.3d 811, 817 (9th Cir. 2011).

41

1                    COURT'S INSTRUCTIONS NO. _____

2                    PROPOSED JURY INSTRUCTION NO. 37

3        Upon retiring to your jury room to begin your deliberation, you

4   must elect one of your members to act as your foreperson.   The

5   foreperson will preside over your deliberations and will be your

6   spokesperson here in court.

7        Your verdict must represent the collective judgment of the jury.

8   In order to return a verdict, it is necessary that each juror agree

9   to it.   Your verdict, in other words, must be unanimous.

10       It is your duty as jurors to consult with one another and to

11  deliberate with one another with a view towards reaching an agreement

12  if you can do so without violence to individual judgment.   Each of

13  you must decide the case for himself and herself, but do so only

14  after an impartial consideration of the evidence in the case with

15  your fellow jurors.   In the course of your deliberations, do not

16  hesitate to reexamine your own views and to change your opinion if

17  convinced it is erroneous.   Do not surrender your honest conviction,

18  however, solely because of the opinion of your fellow jurors or for

19  the mere purpose of thereby being able to return a unanimous verdict.

20       Remember at all times that you are not partisans.   You are

21  judges—judges of the facts of this case.   Your sole interest is to

22  seek the truth from the evidence received during the trial.

23       Your verdict must be based solely upon the evidence received in

24  the case.   Nothing you have seen or read outside of court may be

25  considered.   Nothing that I have said or done during the course of

26  this trial is intended in any way to somehow suggest to you what I

27  think your verdict should be.   Nothing said in these instructions and

28  nothing in any form of verdict, is to suggest or convey to you in any

                                     42

1  way or manner any intimation as to what verdict I think you should

2  return.  What the verdict shall be is the exclusive duty and

3  responsibility of the jury.  As I have told you many times, you are

4  the sole judges of the facts.

5       The punishment provided by law for the offenses charged in the

6  indictment is a matter exclusively within the province of the Court

7  and should never be considered by the jury in any way in arriving at

8  an impartial verdict as to the offenses charged.

9       Forms of verdicts have been prepared for your convenience and

10 reads as follows:

11      [The verdict or a summary can be read to the jury]

12      You will take this form to the jury room and, when you have

13 reached unanimous agreement as to your verdicts, you will have your

14 foreperson write your verdicts on the forms, date and sign the

15 form[s], and then return with your verdicts to the courtroom.

16      If it becomes necessary during your deliberations to communicate

17 with the Court, you may send a note, signed by your foreperson or by

18 one or more members of the jury, through the bailiff.  No member of

19 the jury should ever attempt to communicate with the Court by any

20 means other than a signed writing and the Court will never

21 communicate with any member of the jury concerning the evidence, your

22 opinions, or the deliberations other than in writing or orally here

23 in open court.

24      You will note from the oath about to be taken by the bailiffs

25 that they too, as well as all other persons, are forbidden to

26 communicate in any way or manner with any member of the jury

27 concerning the evidence, your opinions, or the deliberations.

28

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 20:01 (6th ed. 2008) [Verdict – Election of foreperson – Duty to deliberate — Unanimity — Punishment — Form of verdict — Communication with the court]

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 38

A separate crime is alleged against the defendant in each count of the indictment.  Under these instructions, you may find one or more of the defendants guilty or not guilty as charged.  At any time during your deliberations you may return into court with your verdict of guilty or not guilty as to any defendant concerning whom you have unanimously agreed.

You must consider the charges against the defendant separately. Your verdict must be based solely upon the evidence received during the trial concerning each defendant. The defendant is only on trial for the specific conduct charged in the indictment.  Your verdict concerning one defendant should not control your verdict regarding any other defendant.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 20:03 (6th ed. 2008) [Verdict—Multiple defendants—Single or multiple counts] (Modified for single defendant)