Angel Navarro (SBN 155702)
LAW OFFICE OF ANGEL NAVARRO
The Petroleum Building
714 W. Olympic Blvd., Suite 450
Los Angeles, CA 90015
Tel.: (213) 744-0216
Fax: (213) 746-4435
e-mail: angel_navarro@me.com
Attorney for Defendant
Ismael Gutierrez Vilavazo

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Ismael Gutierrez Vilavazo,<br><br>　　　　Defendant. | Case No. CR 14-00209-TJH<br><br>DEFENDANT'S IN LIMINE MOTION RE: CO-CONSPIRATOR STATEMENTS AND FRE 801(d)(2)(E)<br><br>Hearing Date: November 24, 2014<br>Hearing Time: 10:00 a.m. |

　　Defendant, Ismael Gutierrez Vilavazo (hereinafter defendant), by and through his counsel of record, Angel Navarro, hereby submits the enclosed motion in limine with respect to co-conspirator statements and Federal Rule of Evidence (FRE) 801(d)(2)(E).

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

November 22, 2014　　　　　　　　　/S/ *Angel Navarro*
DATE　　　　　　　　　　　　　　　ANGEL NAVARRO
　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　Ismael Gutierrez Vilavazo

DEFENDANT'S IN LIMINE MOTION RE: CO-CONSPIRATOR STATEMENTS AND FRE 801(d)(2)(E)

# I

# INTRODUCTION

Defendant Ismael Gutierrez Vilavazo is scheduled to start trial before this Court on December 2, 2014. The government filed its trial memorandum on November 20, 2014. The government has indicated in its trial memorandum that it intends to offer co-conspirator evidence and co-conspirator statements in this case.

Defendant was originally charged along with co-defendant Jorge Beristain Huerta (Huerta). According to the Indictment, defendant and Huerta conspired to distribute methamphetamine. This culminated with the delivery of 48.6 grams of methamphetamine to the confidential source (CS-1) on September 26, 2013. On September 26, 2013, CS-1 had made arrangements to meet with a person who was going to deliver him approximately one ounce of methamphetamine. An individual in fact showed up to the pre-set meeting location and delivered the drugs to CS-1. A person driving a white Chrysler 300 showed up and sold the drugs to CS-1. The vehicle was registered to an individual named Samuel Lopez.

On the same night, after the drug transaction was complete, CS-1 was shown a DMV photograph of Samuel Lopez and he positively identified Samuel Lopez as the person who sold him the drugs. On December 31, 2013, CS-1 was shown a single photograph of co-defendant Huerta and he identified Huerta as the person who delivered him the drugs on September 26, 2013. Finally, on August 25, 2014, CS-1 again identified Samuel Lopez as the person who sold him the drugs on September 26, 2013. For reasons which are self-evident, the government decided to dismiss all the charges against Mr. Huerta. On September 22, 2014, the government moved to dismiss the charges against Huerta.

The government is now proceeding to trial against Mr. Gutierrez Vilavazo. The government is also intending to introduce all of the evidence which the government gathered against Mr. Huerta and use this evidence to seek a conviction of Mr. Gutierrez Vilavazo. The government is proceeding under the co-conspirator statement theory and FRE 801(d)(2)(E). Defense counsel assumes that the government will not introduce the evidence of multiple mis-identification of co-defendant Huerta in its case-in-chief.

II

ARGUMENT

FRE 801(d)(2)(E) states that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. Courts have determined that statements made by coconspirators are admissible if the defendant has knowledge of, and participated in the conspiracy with the declarant, and the statements were made during the course of the conspiracy. *United States v.* Larson, 460 F. 3d 1200 (9th Cir. 2006). Pursuant to this rule, the government has indicated in its trial brief that the statements made by a former co-defendant (Huerta) are admissible against Mr. Gutierrez Vilavazo. The government correctly points out that there are no confrontation clause problems in these types of situations as long the requirements of FRE 801(d)(2)(E) are met.

Pursuant to Supreme Court authority, coconspirator statements require a determination by the Court that: (1) the declaration or statement was made during the life of the conspiracy; (2) that the declaration or statement was made in furtherance of the conspiracy; and (3) there exists, aside from the coconspirator statement or declaration, sufficient proof of the existence

of the conspiracy and of the defendant's connection to it. *Bourjaily v. Untied* States, 483 U.S. 171, 173 (1987).

It is the *Bourjaily* test that the government must satisfy. The government is attempting to proceed in this case as if co-defendant Huerta was on trial. Yet, the same government decided to dismiss all charges against Huerta. The government would like for this Court to allow the introduction of the telephone conversations (and other evidence) between CS-1 and a person who the government believes is Huerta. At the same time, the government is fully aware that CS-1 has indicated on two separate occasions that the person he purchased the drugs from was not co-defendant Huerta. The government should not be allowed to have it both ways.

Is the government going to call CS-1 and expect him to testify that he recorded a number of conversations with coconspirator Huerta? Or, will the government call law enforcement witnesses who will identify coconspirator Huerta as the person on the other end of the line on the recorded calls with CS-1? Under either scenario, the government is aware that CS-1 has indicated on two separate occasions that the person who delivered drugs to him on September 26, 2013, was not Huerta.

This is not a situation involving co-defendants who have been found not guilty of charges and the government decides to proceed against additional defendants. Courts have previously held that in situations where co-defendants are acquitted, the government can proceed against additional defendants. *See United States v. Kincade*, 714 F. 2d 1064 (11th Cir. 1983); *United States v. Espinosa-Cerpa*, 630 F. 2d 328 (5th Cir. 1980).

DEFENDANT'S IN LIMINE MOTION RE: CO-CONSPIRATOR STATEMENTS AND FRE 801(d)(2)(E)

Ismael Gutierrez Vilavazo respectfully requests that this Court preclude the government from attempting to introduce the recordings made between CS-1 and the person who either delivered or did not deliver drugs in this case.

Respectfully submitted,

November 22, 2014                    /S/ *Angel Navarro*
DATE                                 ANGEL NAVARRO
                                     Attorney for Defendant
                                     Ismael Gutierrez Vilavazo

DEFENDANT'S IN LIMINE MOTION RE: CO-CONSPIRATOR STATEMENTS AND FRE 801(d)(2)(E)