STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
MICHAEL O. AZAT (Cal. Bar No. 278409)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3779
     Facsimile: (213) 894-0141
     E-mail:    kimberly.jaimez@usdoj.gov
                michael.azat@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-209-TJH |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S IN LIMINE MOTION RE: CO-CONSPIRATOR STATEMENTS AND FRE 801(d)(2)(E) |
| v. | |
| ISMAEL GUTIERREZ VILAVAZO, aka "Ismael Gutierrez," aka "Mike Gutierrez," aka "Mikey", | Hearing Date: November 24, 2014  Hearing Time: 10:00 a.m.  Location:    Courtroom of the HON. HON. TERRY J. HATTER, JR. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kimberly D. Jaimez and Michael O. Azat, hereby files its opposition to Defendant's In Limine Motion Re: Co-Conspirator Statements and FRE 801(D)(2)(E) (Dkt. No. 100).

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 23, 2014          Respectfully submitted,

                                         STEPHANIE YONEKURA
                                         Acting United States Attorney

                                         ROBERT E. DUGDALE
                                         Assistant United States Attorney
                                         Chief, Criminal Division

                                           /s/ Kimberly D. Jaimez
                                         KIMBERLY D. JAIMEZ
                                         MICHAEL O. AZAT
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Ismael Gutierrez Vilavazo, also known as "Mikey" ("defendant") filed a motion in limine on November 22, 2014 [Dkt. 100] (the "Motion") seeking to exclude coconspirator statements made on recordings between a confidential source ("CS-1") and Jorge Huerta (also known as Moreno) ("Huerta"). Huerta is the individual who sold narcotics to CS-1 in the controlled narcotics purchase that took place on September 26, 2013.  Defendant argues that the government should be precluded from admitting such statements because the government dismissed charges against Huerta on September 22, 2014, due to misidentifications of Huerta by CS-1. Defendant's argument fails for three reasons.

First and foremost, the Motion assumes that Fed. R. Evid. 802(d)(2)(E) requires prosecution or conviction of a coconspirator declarant, which is incorrect. A court may be persuaded by a preponderance of the evidence that a declarant and a defendant were members of a conspiracy, despite insufficient evidence under the reasonable doubt standard to support a conviction or prosecution of such declarant. Prosecution and conviction relate to one standard (i.e., proof beyond a reasonable doubt), while admission of coconspirator statements relate to a different standard (i.e., preponderance of the evidence).

Second, there is sufficient proof to support the existence of a conspiracy (and Huerta's participation in such conspiracy) by the preponderance of the evidence in this case.

Finally, Ninth Circuit case law makes clear that the government need not prove the existence of a conspiracy before coconspirator

1  statements are admitted. Rather, the statements can be admitted
2  subject to a motion to strike if the government fails to prove the
3  conspiracy by the preponderance of the evidence.

4  **II.  STATEMENT OF FACTS**

5  On September 25 and 26, 2013, defendant coordinated the sale of
6  48.6 grams of actual methamphetamine by Huerta to CS-1 outside of a
7  McDonald's restaurant in North Hollywood.  Law enforcement recorded
8  the transaction itself along with several phone calls between (i)
9  defendant and CS-1 and (ii) Huerta and CS-1.

10  Toll records and subscriber information indicate that Jorge
11  Huerta called CS-1 on September 25, 2013 from 818-471-2618 at the
12  same time the recorded calls occurred. CS-1 will testify that he had
13  never spoken with the speaker in this call before September 25, 2013.
14  CS-1 will also testify that he saved this number in his phone as "El
15  Contacto" and subsequently exchanged text messages with this number
16  coordinating the logistics of the narcotics deal after initially
17  negotiating the terms with defendant. The government will introduce
18  such text messages in its case-in-chief.

19  In addition to contacting CS-1 on September 25, 2013, toll
20  records indicate that the 2618 number was in constant contact with
21  defendant's number 818-263-3398.

22  On September 26, 2013, Huerta began to use a new number:  818-
23  720-7725. This number is registered to Jorge Huerta's wife, Jenny
24  Ruiz. Phone records confirm that CS-1 received several calls from
25  7725 on September 26, 2013 at the same time recorded calls occurred
26  with the individual coordinating the sale of narcotics. CS-1 will
27  testify that CS-1 called the 7725 number that evening and the speaker
28

indicated he would meet CS-1 in a white Chrysler in the McDonald's Parking Lot in Van Nuys.

Agents saw the white Chrysler arrive on the evening of September 26, 2013. Inside the car, an audio recording device worn by CS-1 recorded the transaction, including an individual making many statements, such as:

> CS: Are you working with Mike or… is it—is it your work?
> JH: It's—this one… is from the same company. It's just that-
> CS: [OV] Yes, because if not if--if it's like this, we will buy from you only. Uh, because-
> JH: [OV] No, uh-huh, Mike—it's just that Mike doesn't sell small--small ones.
> CS: Mmm…
> JH: I am the one in charge of selling it like this.

The driver of the Chrysler delivered 48.6 grams of methamphetamine to CS-1 that evening, which CS-1 gave to law enforcement immediately following the drug deal. In addition, the purchase was captured on a recording device in which the seller refers to himself as "Moreno" (i.e., one of the Huerta's aliases).

The iPhone seized from Huerta's home and subsequently searched pursuant to a search warrant revealed photos of a white Chrysler matching the description of the Chrysler seen on September 26, 2013. Huerta's iPhone also includes data showing that Huerta's email is elmoreno6@icloud.com.

CS-1 was not able to consistently identify Huerta in photo line ups, however, toll records, subscriber information, iPhone data and

3

witness testimony about the Chrysler are independent proof apart from the CS-1's misidentification that support the existence of a conspiracy between defendant and Huerta by the preponderance of the evidence.

For his conduct in connection with the sale, defendant was charged on April 10, 2014, with conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); and several counts of using a communication facility to facilitate a felony drug offense, in violation of 21 U.S.C. § 843(b).

## III. ARGUMENT

### A. Fed. R. Evid. 801(d)(2)(E) Does Not Require Charging or Conviction of Co-Conspirator Declarant But Merely Requires Proof of a Conspiracy By Preponderance of the Evidence

Federal Rule of Evidence 801(d)(2)(E) provides: A statement is not hearsay if - [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E).

By its plain language, the rule does not require that a coconspirator be indicted or convicted before the statement can be admitted against a defendant. Rather, the statement need only be made by a coconspirator in the furtherance of a conspiracy.

Despite the text of the rule, defendant argues that the government should not be allowed to use the statements of Huerta, defendant's coconspirator, because the government has dismissed co-defendant Huerta from the indictment. Motion, at 4. This argument, however, overlooks the language of the conspirator hearsay exception,

4

1 the case law, and the burden of proof applicable to Fed. R. Evid.
2 801(d)(2)(E).

3     For a statement to be admissible under Rule 801(d)(2)(E), the
4 government need only prove by a preponderance of the evidence that a
5 statement is the declaration of a coconspirator (assuming an adequate
6 foundation for the existence of a conspiracy is laid). Bourjaily v.
7 United States, 483 U.S. 171, 173, 181 (1987).

8     A court may be persuaded by a preponderance of the evidence that
9 a declarant and a defendant were members of a conspiracy, despite
10 insufficient evidence to support a conviction of the declarant under
11 the reasonable doubt standard.  For this reason the Ninth Circuit,
12 and every other circuit that has addressed this issue, has held that
13 acquittal of a declarant does not render coconspirator statements
14 inadmissible under the coconspirator hearsay exception in Fed. R.
15 Evid. 802(d)(2)(E). United States v. Peralta, 941 F.2d 1003, 1006
16 (9th Cir. 1991) (citing case law from various circuits).  Indeed, the
17 Ninth Circuit has agreed with sister circuits stating:

18     "If a district court is persuaded by a preponderance of the
    evidence that the declarant and the accused were members of
19     a conspiracy, the declarant's statement is admissible
    notwithstanding the fact that the court concludes that the
20     evidence is insufficient under the reasonable doubt
    standard to support a conviction of the declarant of the
21     crime of conspiracy."

22 Peralta, 941 F.2d at 1007.

23     Similarly, statements made by an unindicted coconspirator that
24 is a target of the investigation are admissible under Fed. R. Evid.
25 802(d)(2)(E) if the declarant is sufficiently connected to the
26 conspiracy. See United States v. Everett, 692 F.2d 596, 601 (9th
27 Cir. 1982)(admitting statements of an unindicted employee of an
28 indicted co-conspirator, Intervest Associates Inc., in case charging

5

conspiracy to impair, impede, and obstruct the collection of tax revenues).

Defendant concedes that courts have held that the government can use co-conspirator statements even after coconspirators have been acquitted. Motion, at 4.

Here, the scenario is less drastic than an acquittal. If the statements of an acquitted coconspirator can be used against a defendant, certainly the statements of a dismissed coconspirator still being investigated can be used to the extent the government can prove the conspiracy and the declarant's participation in such conspiracy (by the preponderance of the evidence). The coconspirator, Huerta, was not acquitted but merely dismissed from the original indictment due to the misidentifications by CS-1. Nevertheless, there is independent substantial evidence of Huerta's involvement in the conspiracy, which meets the burden of persuasion (and may even qualify as clear and convincing evidence). The government reserves the right to proceed with prosecution against Huerta in the future as additional evidence develops. For the time being, however, the government need only prove the existence of a conspiracy by the preponderance of the evidence in order to use Huerta's statements in this case.

**B. Proof of the Conspiracy and Huerta's Participation Meet the Burden of Persuasion**

Admission of coconspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E) requires only a foundation that: (1) the declaration was made during the life of the conspiracy; (2) it was made in furtherance of the conspiracy; and (3) there is, including the coconspirator's declaration itself, sufficient proof of the existence

6

1 of the conspiracy and of defendant's connection to it.  See
2 Bourjaily, 483 U.S. at 173.  Circumstantial evidence is sufficient to
3 establish the existence of a conspiracy.  See United States v.
4 Weaver, 594 F.2d 1272, 1274 (9th Cir. 1979).  "Once the conspiracy
5 has been proven under these standards, only 'slight evidence' is
6 necessary to connect a coconspirator to the conspiracy." United
7 States v. Perez, 658 F.2d 654, 658 (9th Cir. 1981).
8    Here, there is much more than slight evidence to prove a
9 conspiracy and Huerta's connection to such conspiracy. Each of
10 Huerta's statements were made during the life of the conspiracy
11 (i.e., prior to defendant's and Huerta's arrests which took place in
12 2014) and most statements were recorded. Huerta's statements were in
13 an effort to coordinate the sale of methamphetamine and to coordinate
14 future sales with CS-1. Huerta's statements themselves support the
15 existence of an ongoing conspiracy to the extent Huerta refers to
16 defendant by name (i.e., Mikey) and indicate that Huerta with
17 defendant work for the "same company" and are part of "one hand." The
18 conspiracy is further bolstered by the fact that an actual drug sale
19 occurred as anticipated in the recorded calls between defendant,
20 Huerta, and CS-1.
21    In this case, there is sufficient evidence to satisfy the test
22 established in Bourjaily. Bourjaily, 483 U.S. at 173, 181. As such,
23 the statements by defendant's coconspirator should be admissible
24 pursuant to Fed. R. Evid. 801(d)(2)(E).  Considerations leading the
25 government to dismiss the indictment as against Huerta do not require
26 exclusion of the co-conspirator statements (to the same extent an
27 acquittal would not have required exclusion of coconspirator
28 statements).

7

**C. The Government Need Not Prove Conspiracy Before Statements Admitted**

The trial court has discretion to determine whether the government may introduce co-conspirator statements before establishing the conspiracy and defendant's connection to it. United States v. Loya, 807 F.2d 1483, 1490 (9th Cir. 1987). It also has the discretion to vary the order of proof in admitting a co-conspirator's statement. Id. The court may allow the government to introduce co-conspirator declarations before laying the required foundation under the condition that the declarations will be stricken if the government fails ultimately to establish by independent evidence that defendant was connected to the conspiracy. United States v. Spawr Optical Research, Inc., 685 F.2d 1076, 1083 (9th Cir. 1982).

//
//
//

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's Motion and admit the coconspirator statements.

Dated: November 23, 2014                Respectfully submitted,

                                        STEPHANIE YONEKURA
                                        Acting United States Attorney

                                        ROBERT E. DUGDALE
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                            /s/ Kimberly D. Jaimez
                                        KIMBERLY D. JAIMEZ
                                        MICHAEL O. AZAT
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA