Angel Navarro (SBN) 155702
LAW OFFICE OF ANGEL NAVARRO
The Petroleum Building
714 W. Olympic Blvd., Suite 450
Los Angeles, CA 90015
Tel.: (213) 744-0216
Fax: (213) 746-4435
e-mail: angel_navarro@me.com
Attorney for Defendant
Ismael Gutierrez Vilavazo

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Ismael Gutierrez Vilavazo,<br><br>    Defendant. | Case No. CR 14-00209-TJH<br><br>DEFENDANT'S RESPONSE TO GOVERNMENT'S IN LIMINE MOTIONS RE: TESTIMONY CONCERNING ALLEGED EXTRAMARITAL AFFAIR INVOLVING THE CS; EXHIBIT<br><br>Hearing Date: April 7, 2015<br>Hearing Time: 10:00 a.m. |

Defendant, Ismael Gutierrez Vilavazo (hereinafter defendant), by and through his counsel of record, Angel Navarro, hereby submits his response to the government's in limine motion re: testimony concerning any alleged extramarital affair involving the confidential source.

                                              Respectfully submitted,

April 2, 2015                        /S/ *Angel Navarro*
DATE                                ANGEL NAVARRO
                                        Attorney for Defendant
                                        Ismael Gutierrez Vilavazo

I

RESPONSE

The government has filed a motion in limine with this Court seeking a Court Order precluding the defense from presenting any "evidence, testimony, or argument concerning any allegations that the government's confidential source engaged in any extramarital affair". (Govt's Motion, p. 2) Defense counsel does not presently have any intentions on presenting any evidence or ask any questions of the informant dealing with this issue.

The government's motion was filed after defense counsel sent an e-mail to AUSA Michael Azat on March 27, 2015. A copy of the e-mail has been attached as Exhibit A. Defense counsel sent the attached e-mail after AUSA Azat left a voice mail message for defense counsel wherein AUSA Azat indicated that one of the case agents had been told that defense counsel or defense counsel's CJA investigator had been making efforts to interview the confidential source. Defense counsel would have been within his right in attempting to locate and interview the confidential source prior to trial. At the same time, defense counsel (or the CJA investigator) had made no efforts whatsoever to locate or interview the confidential source.

Defense counsel sent the enclosed e-mail to AUSA Azat only as a courtesy to set forth some of the pre-trial investigations conducted by the defense. Defense counsel was under no obligation, legal or otherwise, to provide the information referenced in the e-mail to the government. Defense counsel felt it was important to make it clear to the government that no one from the defense team was trying to locate and interview the confidential source.

Defense counsel also wanted to make it clear to the government that there possible witnesses out there who were contradicting what the confidential source was saying. For example, the confidential source is expected to testify that on July 8, 2013, defendant Vilavazo approached the confidential source and asked him about some narcotics he had at Nestor Hernandez' home. (Govt's Motion, p. 2) With limited resources, defense counsel had located and interviewed a witness who specifically contradicted what the confidential source was saying. Specifically, defense counsel had interviewed a person by the name of Edgardo Muniz-Alvez. Mr. Muniz-Alvez is currently serving an eight year prison term. On March 25, 2015, defense counsel and the CJA investigator interviewed Mr. Muniz-Alvez at Vacaville State Prison. Mr. Muniz-Alvez indicated to defense counsel that on July 7, 2013 (shortly after they learned that Mr. Hernandez had been killed), the confidential source asked him to accompany him to the home of Nestor Hernandez "to pick up something that Nestor owed him". Defense counsel made the decision not to seek an out-of-district subpoena to have Mr. Muniz-Alvez called as a witness for two specific reasons: (1) Mr. Muniz-Alvez did not want to come to testify; and (2) it was defense counsel's assessment that Mr. Muniz-Alvez was attempting to minimize his relationship with the confidential source. Defense counsel formed the opinion that Mr. Muniz-Alvez was attempting to distance himself from the confidential source. Mr. Muniz-Alvez had indicated to defense counsel that he and the confidential source did not really know each other. Yet, he could not explain to defense counsel why it was that he had the confidential source's cell number programmed into his cell phone. Also, he could not explain why it was that when he learned that Nestor Hernandez had been killed, he called the confidential source right away to inform him of this fact.

Defense counsel had also formed the opinion that the wife of Nestor Hernandez (Maribel Salinas) was hiding something. Defense counsel had interviewed Maribel Salinas on February 5, 2015. Defense counsel had also interviewed a witness who provided credible information with respect to Maribel Salinas. Among other things, the witness had seen Maribel Salinas shortly after her husband was killed and the witness noticed that Maribel Salinas has a number of love bites on her neck. The witness indicated that this was surprising since you would not expect a grieving wife to have love bites within a short period of time after her husband had been killed. Defense counsel formed the opinion that perhaps Maribel Salinas was romantically involved with a new person. The new person could not be Mr. Muniz-Alvez (he had been arrested on July 8, 2013 and was in custody). The person was also not defendant Vilavazo. Defense counsel formed the opinion that this person could be the confidential source. This was yet another layer in what was turning into a very interesting defense investigation. The witness had indicated to defense counsel that the witness would prefer to remain anonymous. Defense counsel had no intentions to calling this witness in the present case. At the same time, defense counsel assumed that the government was not planning on calling Maribel Salinas as a witness in the government's case. If the government chose to call Ms. Salinas as a government witness, defense counsel would then present the witness to impeach Ms. Salinas. Defense counsel formed the opinion that it was important to provide this information to the government in order for the government to re-assess the credibility of the confidential source.

/

/

The government has also asked for this Court to order the defense to reveal the name of this witness. The government has no right, legal or otherwise, to this information. The identity of this person only will become relevant if the government calls Maribel Salinas as a witness during the government's case-in-chief. Much the same way that the government has refused to provide the name of an individual knows as CS-2 (the government had indicated that CS-2 will not testify in this trial), the government is not entitled to know everything that the defense is doing in preparation of this case.

Respectfully submitted,

April 2, 2015  
DATE

/S/ *Angel Navarro*  
ANGEL NAVARRO  
Attorney for Defendant  
Ismael Gutierrez Vilavazo

# EXHIBIT A

From: angel Navarro <angel_navarro@me.com>
Subject: **Re: U.S. v. Vilavazo - Discovery**
Date: March 27, 2015 8:34:50 PM PDT
To: "Azat, Michael (USACAC)" <Michael.Azat@usdoj.gov>
Cc: "Jaimez, Kimberly (USACAC)" <Kimberly.Jaimez@usdoj.gov>

Good evening: As I mentioned Michael earlier today, neither I or my CJA investigator have made any efforts to talk to CS-1. We have spoken to a number of other people. I can only guess that one of these persons reached out to CS-1 and told him that we were trying to talk to him. In any event, here are some of the people that we have spoken to.

(1) I met with Maribel Salinas in person at her home on 2/5/15. She welcomed me into her home and we met for about an hour. I was surprised she talked to me. I interviewed her in Spanish. I believe that it was probably her who called CS-1 after I interviewed her. She was not particularly honest with me.

(2) We also recently interviewed Edgardo Muniz-Alvez. We interviewed him at Vacaville state prison on 3/25/15. He is the gentleman known as Looney. He was a friend of Nestor Hernandez and he claimed not be a friend of CS-1. He also told me that he did not know CS-1 very well, and he told us that he did not even know CS-1's name. And yet he told me that he called CS-1 as soon as he heard of Nestor's murder. He told me that he had CS-1's phone number programmed into his cell phone. Looney was living in his car and he was questioned by the cops on the night that Nestor was killed. He was arrested a few hours later on weapons and drug charges and he has been jail since. He is currently serving an 8-year state prison term. He confirmed that as soon as he found that Nestor had been killed, he called CS-1 and together they picked up Maribel and her children and brought them to the scene of the murder. He also told me that CS-1 asked him to go with him back to Nestor's house "to pick up something that Nestor owed him". Looney refused to do that and CS-1 went back on his own to Nestor's house. I can only assume that it was CS-1 who then went back to Nestor's house to pick up whatever drugs Nestor had in his home. I would love to call Looney as a witness to impeach CS-1 with respect to this, but Looney does not want to come to LA. Also, since Hatter has issued an order indicating that there will be no references to the murder investigation, I don't want to upset the judge. I get the feeling that CS-1 has a selective memory.

(3) We also interviewed a third witness who told us that within a few days of Nestor's murder, they saw Maribel Salinas and she had a number of "love bites" on her neck. These probably came from a person she was involved with romantically. Her presumed lover was not my client, and it could not be Looney. Looney was in jail already and it would have been impossible for him to leave any love-bites on her neck. This only really leaves CS-1 in our opinion. I found this particularly interesting.

We are continuing our investigation of this case.

Angel Navarro


On Mar 27, 2015, at 5:23 PM, Azat, Michael (USACAC) wrote:

> Counsel,
>
> Attached is additional discovery provided pursuant to the attached discovery letter. Please let me know if you have any questions.
>
> Thanks,
> --Mike Azat
>
> # Michael Azat
> ## Assistant United States Attorney
> United States Attorney's Office | 312 North Spring Street | Los Angeles, CA  90012
> T: 213.894.2253 | F: 213.894.0141 | michael.azat@usdoj.gov
>
> <2015.03.27.DiscoveryLtr Vilavazo.pdf><Bates 2593-2595 - Conners Interview.pdf><Bates 2596-2601-DEA-6.pdf>