STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
MICHAEL O. AZAT (Cal. Bar No. 278409)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-2253
     Facsimile:  (213) 894-0141
     E-mail:     michael.azat@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-00209-TJH |
|---|---|
| Plaintiff, | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT [128] |
| v. | |
| ISMAEL GUTIERREZ VILAVAZO,   aka "Ismael Gutierrez,"   aka "Mike Gutierrez,"   aka "Mikey," | [PROPOSED] TRIAL DATE: 05-19-15 |
| Defendant. | |

The Court having read and considered defendant's Ex Parte Application to Continue the Trial Date ("Application"), filed by the defendant in this matter on April 4, 2015, hereby finds as follows:

1.   The Indictment in this case was filed on April 10, 2014. Defendant first appeared before a judicial officer of the court in which the charges in which this case were pending on April 21, 2014.

2.   The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 30, 2014.  The trial date was originally set for June 6, 2014.  The Court previously continued the trial date in this case from June 6, 2014 to September 9, 2014, from September 9, 2014 to November 25, 2014, from November 25, 2014 to December 2, 2014, from December 2, 2014 to January 27, 2015, and from January 27, 2014 to April 7, 2015, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

3.   Defendant is detained pending trial.

4.   Through the Application filed on April 4, 2015, defendant requested that the Court continue the trial date in this case from April 7, 2015 to June 30, 2015.

5.   The Court hereby finds that the Application, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, based upon the following facts:

  a.   Defendant is charged with violations of 21 U.S.C. § 846: Conspiracy to Distribute a Controlled Substance; 21 U.S.C. § 834(b): Use of a Phone to Facilitate a Felony Drug Offense; and 21 U.S.C. § 841(a)(1): Aiding and Abetting Distribution of a Controlled Substance.  The government has produced discovery to the defense, including over 2,700 pages of written reports, photographs, and numerous recordings of conversations conducted primarily in Spanish (along with draft transcripts).

-2-

      b.   In addition, in his recent Application, Mr. Navarro represents that he became aware that there is a witness who may have information relevant to the cross-examination of the confidential informant in this case.  Mr. Navarro also represents that he has not yet been able to interview this witness, who is currently in the custody of the state of Texas.  In light of the foregoing, counsel for defendant represents that additional time is necessary to travel to Texas, interview the witness, and make the necessary arrangements to have the witness transported to this district.  Mr. Navarro further represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.   Defendant believes that failure to grant the continuance would deny him continuity of counsel and adequate representation.

      e.   On April 6, 2015, the government filed its statement of non-opposition.

-3-

        f.   The requested continuance is not based on the congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

    6.   The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

    1.   The trial in this matter is continued from April 7, 2015 to May 19, 2015 at 10:00 a.m.

    2.   The time period of April 7, 2015 to May 19, 2015, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

    3.   Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of

additional time periods from the period within which trial must commence. The Court further orders that the Government's motion in limine [122] is also continued to May 19, 2015 at 10:00 a.m.

IT IS SO ORDERED.

April 8, 2015
DATE

HONORABLE TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
MICHAEL O. AZAT
KIMBERLY D. JAIMEZ
Assistant United States Attorney