STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271535)
MICHAEL O. AZAT (Cal. Bar No. 278409)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2253
     Facsimile: (213) 894-0141
     E-mail:    kimberly.jaimez@usdoj.gov
                michael.azat@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>          v.<br><br>ISMAIL GUTIERREZ VILAVAZO,<br>  aka "Ismail Gutierrez,"<br>  aka "Mike Gutierrez,"<br>  aka "Mikey,",<br><br>     Defendant. | No. CR 14-209-TJH<br><br>SUPPLEMENTAL JURY INSTRUCTIONS<br><br>Trial Date:  5/19/2015<br>Time:        10:00 a.m.<br>Location:    Courtroom of the<br>             Hon. Terry J.<br>             Hatter |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, and Assistant United States Attorneys Michael O. Azat and Kimberly D. Jaimez, having further met and conferred with counsel for defendant ISMAIL GUTIERREZ VILAVAZO, hereby files these supplemental jury instructions.

Leave is respectfully requested to include such other and additional instructions as may become appropriate during the course of trial.

Dated: May 18, 2015

Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

      /s/
MICHAEL O. AZAT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**INDEX OF GOVERNMENT'S JURY INSTRUCTIONS**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 39 | | Credibility of witnesses – Informant | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 15:02 (6th ed. 2008) | 1 |
| 40 | | Proof of knowledge or intent – Rule 404(b) Evidence | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 17:08 (6th ed. 2008) | 2 |

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 39

The testimony of an informant, someone who provides evidence against someone else for money or to escape punishment for his own misdeeds or crimes or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

_____ may be considered an informant in this case.

The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement he has with the government, or his own interest in the outcome of this case, or by prejudice against the defendant.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 15:02 (6th ed. 2008) [Credibility of witnesses – Informant] (Modified for male witness)

COURT'S INSTRUCTIONS NO. _____

PROPOSED JURY INSTRUCTION NO. 40

Evidence that an act was done or that an offense was committed by defendant at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense, including the offenses charged in Counts One through Eight of this indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether defendant actually performed the physical acts charged in this indictment.  Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that defendant physically did the acts charged in Counts One through Eight of this indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that defendant did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which defendant actually did the act or acts charged in the particular count.

The defendant is not on trial for any acts or crimes not alleged in the indictment.  Nor may a defendant be convicted of the crimes charged even if you were to find that he committed other crimes – even crimes similar to the one charged in this indictment.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 17:08 (6th ed. 2008) [Proof of knowledge or intent – Rule 404(b) Evidence)