EILEEN M. DECKER
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
MICHAEL O. AZAT (Cal. Bar No. 278409)
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2253
    Facsimile: (213) 894-0141
    E-mail:   michael.azat@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-00209-TJH |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: July 27, 2015 |
| ISMAEL GUTIERREZ VILAVAZO,<br>  aka "Ismael Gutierrez,"<br>  aka "Mike Gutierrez,"<br>  aka "Mikey," | Hearing Time: 10:00 a.m.<br>Location: Courtroom of the<br>Hon. Terry J. Hatter |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Michael O. Azat and Kimberly D. Jaimez, hereby files its Sentencing Position.

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 13, 2015                    Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney

                                        ROBERT E. DUGDALE
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                             /s/
                                        MICHAEL O. AZAT
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On May 21, 2015, defendant Ismael Gutierrez Vilavazo ("defendant") was found guilty by jury trial of the following counts: Count 1: Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. § 846; Count 2: Distribution of Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 18 U.S.C. § 2(a); and Counts 3-6, and 8: Use of a Telephone to Facilitate a Felony Drug Offense, in violation of 21 U.S.C. 843(b). Defendant is subject to a five-year mandatory minimum sentence, pursuant to his conviction under 21 U.S.C. § 841(b)(1)(B)(viii).

The United States Probation Office ("USPO") issued the Presentence Report ("PSR") in this case on July 1, 2015, calculating a guideline range of 121 to 151 months imprisonment based on a total offense level of 30 and a category III criminal history.  PSR ¶ 71. The USPO also issued a sentencing recommendation letter on July 1, 2015, recommending that the Court sentence defendant to 121 months imprisonment and be placed on supervised release for a term of five years.  The government concurs with the recommendation of the USPO.

**II.   STATEMENT OF FACTS**

Defendant was charged in an 11-count indictment with various narcotics offenses regarding his involvement in the distribution of 48.6 grams of methamphetamine (actual), that is 55.9 grams of 87% pure methamphetamine, on September 26, 2013, to a government confidential source ("CS") who was acting on behalf of the government.  Defendant brokered the drug deal during recorded telephone conversations and text messages with the CS over the course of several weeks.  As a result, defendant's co-conspirator delivered

the methamphetamine to the CS during a controlled purchase on September 26, 2013.

**III. GUIDELINES CALCULATION AND RESPONSE TO PSR**

On July 1, 2015, the USPO disclosed its PSR.  The PSR calculated defendant's total offense level as 30, based on a base offense level of 30, pursuant to U.S.S.G. § 2D1.1(c)(5).[1]  PSR ¶ 17-18.  Defendant falls in criminal history category III based on five criminal history points.  PSR ¶ 35.

**IV.  GOVERNMENT'S RECOMMENDED SENTENCE**

The government concurs with the recommendation of the USPO and recommends that the Court sentence defendant to: (1) 121 months imprisonment; (2) a five-year period of supervised release; and (3) a mandatory special assessment of $700.  This recommended sentence is appropriate under 18 U.S.C. § 3553(a).

First, the recommended sentence is appropriately calibrated to "the nature and circumstances of the offense and the history and characteristics of the defendant."  See 18 U.S.C. § 3553(a)(1).  The sentence reflects the seriousness of the offense and defendant's role in carrying out the offense.  Defendant was integral to the distribution of the methamphetamine, the sale of which was brokered by defendant.  Defendant's criminal history reflects a disregard for the laws of the United States and includes convictions for carrying a concealed weapon and illegal reentry of a deported alien.  The fact that defendant has committed serious offenses while illegally residing in the United States is an aggravating factor.

---

[1] Because the methamphetamine was 87% pure, it is considered "Ice" for purposes of the U.S.S.G. Drug Quantity Table.  PSR ¶ 18 (citing Application Note (c) to the Drug Quantity Table).

2

Second, the recommended sentence would serve the statutory purpose of sentencing, including the need to "reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct," and to "provide just punishment." See 18 U.S.C. § 3553(a)(2). There is a strong need to provide deterrence and punishment given defendant's continued disregard for the laws of the United States. The government recognizes that this would be defendant's first significant term of incarceration, and therefore recommends the low-end guideline sentence as adequate deterrence while also providing just punishment.

Third, the recommended Guidelines sentence would avoid unwarranted disparities between similarly situated offenders. See 18 U.S.C. § 3553(a)(6). A sentence within the applicable advisory Sentencing Guidelines range generally avoids disparity between similarly situated defendants because the Sentencing Guidelines exist to ensure national uniformity of sentencing. See United States v. Green, 592 F.3d 1057, 1072 (9th Cir. 2010); see also United States v. Becerril-Lopez, 541 F.3d 881, 895 (9th Cir. 2008) ("[W]e have trouble imagining why a sentence within the Guidelines range would create a disparity, since it represents the sentence that most similarly situated defendants are likely to receive.") The Court is entitled to rely on a correctly calculated Guidelines range in finding that there is no unwarranted disparity between defendant and other offenders convicted of similar offenses. United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010).

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to: (1) 121 months imprisonment;

1  (2) a five-year period of supervised release; and (3) a mandatory
2  special assessment of $700.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28