Angel Navarro (SBN) 155702
LAW OFFICE OF ANGEL NAVARRO
The Petroleum Building
714 W. Olympic Blvd., Suite 450
Los Angeles, CA 90015
Tel.: (213) 744-0216
Fax: (213) 746-4435
e-mail: angel_navarro@me.com
Attorney for Defendant
Ismael Gutierrez

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | Case No. CR 14-00209-TJH |
|---|---|
| Plaintiff, | DEFENDANT'S POSITION RE: SENTENCING |
| vs. | |
| Ismael Gutierrez, | |
| Defendant. | |

Defendant, Ismael Gutierrez, by and through his counsel of record, Angel Navarro, hereby submits his position paper with respect to the upcoming sentencing hearing.

Respectfully submitted,

July 21, 2015              /S/ Angel Navarro
DATE                       ANGEL NAVARRO
                           Attorney for Defendant
                           Ismael Gutierrez

# I

# INTRODUCTION

Ismael Gutierrez will be appearing before the Court following a jury trial. Mr. Gutierrez was convicted of conspiracy charges, distribution charges and use of a telephone in connection with a drug offense. Mr. Gutierrez was targeted by the federal government through a confidential informant. Mr. Gutierrez' co-defendant (the person who actually negotiated the drug deal and delivered the drugs) was ultimately dismissed from the case. Mr. Gutierrez will be appearing before this Court for sentencing.

# II

# DEFENDANT'S POSITION

As this Court is aware, in light of the Supreme Court's decision in Booker, federal sentencing has once again been given back to federal judges. Federal judges once again have discretion when it comes to federal sentencing. In the case of Mr. Gutierrez, this Court has very limited discretion in determining the appropriate sentence.

**The 3553 Factors:**

The statutory factors set forth in 18 U.S.C. 3553(a)(2) provide a guide to the Court in fashioning a sentence in cases such as this one. The 3553 factors include: the nature and seriousness of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence imposed to promote respect for the law; the need for the sentence imposed to provide just punishment;

the need for the sentence imposed to afford adequate deterrence to criminal conduct; the need for the sentence imposed to protect the public from further crimes of the defendant; the need for the sentence imposed to provide the defendant with educational, vocational, medical care other corrective treatment; the types of sentences available; and the advisory sentencing guideline range.

**The Nature And Circumstances Of The Offense.**

As this Court is aware, the federal charges in this case stem from an undercover FBI investigation. The FBI used an informant. As the Court may recall, the informant made a number of recorded calls with both Mr. Gutierrez and the co-defendant (Mr. Huerta). The informant dealt with both Mr. Gutierrez and the co-defendant. The co-defendant met with the informant. The co-defendant delivered the drugs to the informant. Prior to trial, the informant misidentified the co-defendant two separate times. The government then decided to dismiss the charges against the co-defendant. Mr. Gutierrez was convicted under an aiding and abetting theory.

**The History And Characteristics Of Mr. Gutierrez.**

As noted in the presentence report (PSR), Mr. Gutierrez was born in Mexico. He came to this country at a very young age. He has lived in this country ever since. Mr. Gutierrez has lived with his mother in North Hollywood, California, for the last twenty years. Mr. Gutierrez has never been married and he does not have any children. He attended local schools and he has been employed on a regular basis for an extended period of time.

/

/

**The Need For The Sentence Imposed To Reflect The Seriousness Of The Offense.**

This factor clearly must be taken into account by the Court. Mr. Gutierrez understands that he will be punished as a result of the jury's findings in this case. At the same time, this Court must determine what the appropriate prison term will be. As a result of the charging document, this Court must impose no less than a 60-month prison term.

**The Need For The Sentence Imposed To Promote Respect For The Law.**

Mr. Gutierrez also understands that he must have respect for the law. Mr. Gutierrez is also aware that he will be sentenced to no less than a 60-month prison term. At the same time, Mr. Gutierrez submits to the Court that a disproportionate long prison term will not serve either general or specific deterrence in this case.

**The Need For The Sentence Imposed To Provide Just Punishment.**

This particular sentencing factor appears to be particularly important in this case. According to the non-binding sentencing guidelines, Mr. Gutierrez is subject to a prison term of 121-151 months. In addition, Mr. Gutierrez is facing no less than a 60-month prison term due to the antiquated mandatory minimum statute applied to this case. As this Court is aware, President Obama recently commuted federal prison sentences for 46 inmates. President Obama has indicated that this is part of a larger attempt to reform the criminal justice system. In particular, President Obama has indicated that reform is necessary for non-violent crimes. This Court must fashion a sentence that provides "just punishment" in this case.

Mr. Sanchez should not receive a disproportionate prison term as a result of Draconian federal drug statutes. A prison term in the 121-151 range appears to reflect an intent to punish Mr. Gutierrez with an extremely harsh sentence.

**The Need For The Sentence Imposed To Afford Adequate Deterrence To Criminal Conduct.**

Mr. Gutierrez also understands that both general and specific deterrence are important factors that the Court must consider in fashioning a sentence. At the same time, Mr. Gutierrez does not need to be incarcerated for an extended period of time. He will serve no less than 60-months is federal prison as a result of the jury's findings in this case.

**The Need For The Sentence Imposed To Protect The Public From Further Crimes Of The Defendant.**

Protecting the public is of paramount importance in every criminal case. This Court must fashion a sentence which will protect the public from the particular defendant in question. In the case of Mr. Gutierrez, he will serve no less than 60-months in prison. This Court does not have to warehouse Mr. Gutierrez to make sure he gets the message.

**The Advisory Sentencing Range.**

In the case of Mr. Gutierrez, the adjusted offense levels are as follows:

Base level:                         30

In this case, Mr. Gutierrez has been labeled with a Criminal History category of III. The recommended sentencing range is 121-151 months in custody.  The PSR recommends a 121-month prison term. The PSR also notes that Mr. Gutierrez is subject to a 60-month mandatory minimum prison term.

**Requested Sentence:**

Mr. Gutierrez respectfully requests that this Court impose a sentence of more than the statutory minimum of 60-months.

                                                Respectfully submitted,

July 21, 2015                             /S/ *Angel Navarro*
DATE                                      ANGEL NAVARRO
                                              Attorney for Defendant
                                              Ismael Gutierrez

# PROOF OF SERVICE

I, **Angel Navarro**, declare that I am a resident or employed in Los Angeles County, California; that my business address is: The Petroleum Building, 714 W. Olympic Blvd., Suite 450, Los Angeles, CA 90015, that I am over the age of eighteen years; that I am not a party to the action entitled above; that I am employed by the Law Office of Angel Navarro, who is a member of the Bar of the State of California, and at whose direction I served a copy of the attached document entitled: Defendant's Position Re: Sentencing by:

[ ] Placing same in a sealed envelope for collection and interoffice delivery addressed as follows:

[ ] Placing same in an envelope for hand delivery addressed as follows:

[x] Placing same in a sealed envelope for collection and mailing via the United States Post Office addressed as follows:

[ ] Sending same via e-mail to officer's known e-mail address.

**Robert Ramirez Leoning**
**United States Probation Officer**
**U.S. Courthouse**
**312 N. Spring Street, 6th Floor**
**Los Angeles, CA 90012**

This proof of service is executed at Los Angeles, California, on **July 21, 2014**.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*/s/ Angel Navarro*
**Angel Navarro**