**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

**HONORABLE TERRY J. HATTER, U.S. DISTRICT JUDGE**

```
UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )   CERTIFIED
                             )
    vs.                      )   Case No.
                             )   2:14-cr-00209-TJH-1
ISMAEL GUTIERREZ VILAVAZO,   )
                             )
            Defendant.       )
                             )
```

REPORTER'S TRANSCRIPT OF

MOTION IN LIMINE

MONDAY, NOVEMBER 24, 2014

10:24 A.M.

LOS ANGELES, CALIFORNIA

**DEBBIE HINO-SPAAN, CSR 7953, CRR**
FEDERAL OFFICIAL COURT REPORTER
411 WEST FOURTH STREET, ROOM 1-191
SANTA ANA, CALIFORNIA 92701-4516
dhinospaan@yahoo.com

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF:**

    EILEEN M. DECKER
    United States Attorney
    BY:  KIMBERLY D. JAIMEZ
        MICHAEL AZAT
        Assistant United States Attorney
    United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    (213) 894-3779

**FOR THE DEFENDANT:**

    ANGEL NAVARRO LAW OFFICE
    BY:  ANGEL NAVARRO, ESQ.
    714 West Olympic Boulevard
    Suite 450
    Los Angeles, CA 90015
    (213) 744-0216

3

1        **LOS ANGELES, CALIFORNIA; MONDAY, NOVEMBER 24, 2014**

2                              **10:24 A.M.**

3                                **- - -**

4             THE COURTROOM DEPUTY:  Item No. 1A, Criminal

10:24AM 5    Case 14-0209, United States of America versus Ismael Gutierrez

6    Vilavazo.

7             THE COURT:  Counsel.

8             MS. JAIMEZ:  Kimberly Jaimez on behalf of the

9    United States.  With me at counsel table is Assistant U.S.

10:24AM 10   Attorney Michael Azat.

11            THE COURT:  Thank you, both.

12            MR. NAVARRO:  Good morning, again, Your Honor.

13   Angel Navarro present with Ismael Gutierrez Vilavazo.  He's to

14   my left.

10:25AM 15            THE COURT:  Thank you.

16      I read the papers from both sides.  Do you wish to be

17   heard, Mr. Navarro?

18            MR. NAVARRO:  Thank you, Your Honor.  Good morning.

19   Your Honor, actually I think both parties are correct, I think.

10:25AM 20            THE COURT:  How could that be?

21            MR. NAVARRO:  It's unusual, but I think that -- the

22   government is correct in the sense that when we have

23   co-conspirator statements, they're typically coming in.

24            THE COURT:  Yes.

10:25AM 25            MR. NAVARRO:  But I believe what the -- there is one

1 difference. The difference, which I think is important, is
2 that we don't have a situation here where a codefendant has
3 been acquitted. We have a situation where the government has
4 decided -- even though they're saying now that potentially
10:25AM 5 there could be a case against Mr. Huerta, I think that's -- I
6 don't think that's true. If the government really felt there
7 was a case against Mr. Huerta, he would be next to us. And the
8 government has determined that they can't proceed against him.
9     So the government basically wants to have two theories
10:25AM 10 here. They want to present evidence on the one hand, and at
11 the same time they know that they've dismissed against
12 Mr. Huerta.
13         THE COURT: Well, they've moved to dismiss, and that
14 dismissal was granted.
10:26AM 15     Now, as the government points out in their papers, we're
16 talking about two different standards here. In order for them
17 to proceed against the former codefendant, they would have had
18 to prove their case beyond a reasonable doubt. In order to
19 merely have co-conspirator statements introduced, they have to
10:26AM 20 just do the proper preponderance of the evidence to show that
21 indeed there was conspiracy, and indeed, as they point out,
22 also, it doesn't have to be done up front. It can be done at
23 some later stage even after all the evidence has been put in
24 subject to a motion to strike. So what's the problem?
10:26AM 25         MR. NAVARRO: Your Honor, again, my concern is that

|  |  |
|---|---|
| 1 | we don't have a situation here.  When I looked for cases, I |
| 2 | haven't found one where we had a codefendant dismissed.  Every |
| 3 | case I've seen is the Court of Appeals reviewing situations |
| 4 | where defendants are acquitted.  And it makes -- I |
| 10:27AM 5 | understand -- |
| 6 | THE COURT:  What's the difference there? |
| 7 | MR. NAVARRO:  Well, I think the difference, Your |
| 8 | Honor -- it's a significant difference.  I believe that in |
| 9 | those cases that I've looked at and the government has cited as |
| 10:27AM 10 | well in their papers, those are cases in which the government |
| 11 | believes there was beyond a preponderance of the evidence and |
| 12 | the case proceeded, and the jury made a finding. |
| 13 | THE COURT:  Yes. |
| 14 | MR. NAVARRO:  We're not even going to go there in |
| 10:27AM 15 | this case, because the government believes that they would |
| 16 | probably lose against Mr. Huerta.  And I think that -- to me, |
| 17 | that's the only difference.  I understand everything that the |
| 18 | government says in terms of the case law and everything we |
| 19 | cited, it's the appropriate standard, but I'm still concerned |
| 10:27AM 20 | about this issue, which I have never seen before of the |
| 21 | government proceeding with information against the defendant |
| 22 | that's going to be -- that has been dismissed. |
| 23 | So the question that I posed in my papers, and government |
| 24 | counsel didn't answer it, and I hope he can answer today is, if |
| 10:27AM 25 | you deny my motion, am I going to be allowed to ask questions |

1  of the confidential source?
2         THE COURT: That's a whole other matter, because it
3  seems to me that goes to how reliable this individual really
4  is. And the government's going to call on their case in chief.
10:28AM 5  I was back in the office -- I would have -- not in this office,
6  but in the old Northern District when there were only two
7  districts in the state, that long ago, you know, I would just
8  put on what actually occurred in my case in chief. But they
9  don't have to do that. But since it does go to the
10:28AM 10  reliability, if any of this particular CS, and they're calling
11  them and they don't put it on in their case in chief, you can
12  call them in your case.
13         MR. NAVARRO: Very well, Your Honor.
14         THE COURT: All right. Your motion in limine is
10:28AM 15  denied, and the government has something to think about. And I
16  imagine they want to put the CS on. And if they don't put him
17  on, he still will be made available to you.
18         MR. NAVARRO: And, Your Honor, on Friday -- I just
19  want to bring you up to date, I'm going to be providing some
10:29AM 20  questions to the government today with regard to the questions
21  I would propose for CS-2, Your Honor.
22         THE COURT: All right.
23         MR. NAVARRO: We'll see you next Tuesday at
24  9 o'clock?
10:29AM 25         THE COURT: Yes.

1        MR. NAVARRO:  Thank you, Your Honor.
2        THE COURT:  Thank you all.
3            **(Proceedings concluded at 10:29 a.m.)**
4                         --oOo--

*CERTIFICATE OF OFFICIAL REPORTER*

COUNTY OF LOS ANGELES   )
                        )
STATE OF CALIFORNIA     )

I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME COURT REPORTER, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*Date:  November 24, 2015*

　　　　　　　　　　　　　　　　　　　　　　　*/S/ DEBBIE HINO-SPAAN*

　　　　　　　　　　　　　　　　　　　　　　　*Debbie Hino-Spaan, CSR No. 7953*
　　　　　　　　　　　　　　　　　　　　　　　*Federal Official Court Reporter*